**Dale Forrest CRAMLETT, Movant,**

v.

**STATE of Missouri, Respondent.**

No. 58359.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 26, 1990.

———

Mary K. Anderson, Columbia, for movant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant seeks post-conviction relief under Rule 24.035 from two concurrent ten year sentences imposed after movant pled guilty on two counts of the felony of sale of a controlled substance, marijuana, in violation of § 195.020 RSMo 1986, now repealed.

Movant entered his pleas on the day his cause was set and ready for trial. At the plea hearing, the state announced the evidence would show the following at trial. On December 28, 1988, state's confidential informant was referred to movant's home by a third person for the purpose of buying marijuana. The informant went to movant's home wearing a body microphone and transmitter. The informant introduced himself and after a brief conversation, purchased approximately one pound of marijuana. Two days later, on December 30, 1988, the informant again went to movant's home to follow up on movant's offer to sell another pound of marijuana. This sale was also tape recorded. The tapes of both sales were transcribed and made part of the court record.

Movant's claim of ineffective assistance of counsel for failure to investigate a *possible* entrapment defense fails for three reasons. First, an entrapment defense is foreclosed by the record. The transcripts of the sales fully reflect the conversations which transpired during the sales. Defendant was willing and ready to engage in the sales. Second, movant in his point relied upon does not state wherein and why he deems the motion court's finding that movant's allegation of ineffective assistance of counsel is refuted by movant's testimony at his plea hearing is erroneous. Our review of a dismissal of a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(j); *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc) *cert. denied* — U.S. —, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989).

Third, during his plea hearing movant stated: "I'm satisfied with Mr. Motley's [counsel's] services.... I believe that counsel is effective." Where a defendant repeatedly assures the court at his guilty-plea hearing that he is satisfied with his defense counsel's performance and believes counsel has done everything defendant re-

quested, defendant cannot later claim the contrary. *See Young v. State,* 784 S.W.2d 322, 323 (Mo.App.1990). Such is the case here where the claim that counsel failed to present a viable defense is a matter defendant would have known. The belated claim of ineffective assistance is not related to facts not known to defendant during the plea hearing. Accordingly, we find the findings and conclusions of the trial court are not clearly erroneous. We affirm the denial of movant's motion for post-conviction relief without an evidentiary hearing.

PUDLOWSKI, P.J., and GRIMM, J., concur.