STATE of Missouri, Respondent,

v.

Patrice DRIVER, Appellant.

Patrice DRIVER, Appellant,

v.

STATE of Missouri, Respondent.

No. 78122.

Supreme Court of Missouri,
En Banc.

Dec. 19, 1995.

Ellen H. Flottman, Office of the State Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Joanne E. Joiner, Assistant Attorney General, Jefferson City, for Respondent.

COVINGTON, Judge.

Patrice Driver appeals her convictions and the judgment of the motion court denying her Rule 29.15 motion without an evidentiary hearing. A jury convicted Driver of assault in the second degree, § 565.060, RSMo 1994, and leaving the scene of a motor vehicle accident, § 577.060, RSMo 1994. She was sentenced to respective terms of confinement of two years and one year. Driver filed a direct appeal and a motion under Rule 29.15 seeking to vacate the convictions and sentences on grounds of ineffective assistance of counsel. The motion court denied the motion without an evidentiary hearing, finding that the allegation at issue was "refuted by the record of the transcript of the sentencing proceeding." The court of appeals affirmed the judgment of the trial court on the direct appeal but reversed the judgment of the motion court on the postconviction motion and remanded the cause for an evidentiary hearing. This Court granted transfer to determine whether the defendant's statements made during the Rule 29.07 hearing precluded her claim of ineffective assistance of counsel under Rule 29.15. The judgment of the trial court is affirmed. The judgment of the motion court is reversed and the cause remanded for an evidentiary hearing.

## I.

Driver's contention on direct appeal is meritless. She claims that the trial court erred in overruling her counsel's objection to testimony by the arresting officer that Driver was uncooperative and verbally abusive because the testimony was irrelevant. Following the officer's testimony that Driver was "very verbally abusive toward me," Driver's counsel said without explanation, "Objection." The court overruled the objection. The officer then testified without objection that Driver was "antagonistic and combative."

▆▆▆ Driver's contention is not preserved for review. To preserve an objection to evidence for review, the objection must be specific, and the point raised on appeal must be based upon the same theory. *State v. Lang,* 515 S.W.2d 507, 511 (Mo.1974). The trial court did not plainly err because there was

no manifest injustice in overruling the objection to the admission of this evidence. *See* Rule 30.20. The point is denied.

## II.

Driver asserts that the motion court erred in denying an evidentiary hearing on her Rule 29.15 claim that she was denied effective assistance of counsel at trial because her attorney failed to introduce medical evidence regarding Driver's medical condition "to explain her behavior" after the accident. The motion court found Driver's allegations to be refuted by the record of the sentencing proceedings conducted pursuant to Rule 29.07(b)(4), which provides:

> If a defendant has a right to proceed under Rule 24.035 or Rule 29.15, the court at the conclusion of final sentencing shall advise the defendant of such right and shall examine the defendant as to the assistance of counsel received by the defendant. The examination shall be on the record and may be conducted outside the presence of the defendant's counsel. At the conclusion of the examination the court shall determine whether probable cause exists to believe the defendant has received ineffective assistance of counsel.

At the Rule 29.07 inquiry, the trial judge questioned Driver about her satisfaction with counsel:

Q: At this time I want to ask you if you have any complaints against your attorney, the Public Defender's office in this case?

A: No, sir.

Q: You think they did you a good job?

A: Yes, I do.

Q: Did they do anything that you didn't want them to do?

A: No.

Q: Did they do everything you wanted them to do?

A: Yes, sir.

▆▆▆ Appellate review of the motion court's actions on a Rule 29.15 motion is limited to a determination of whether the court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(j); *State v. Starks,* 856 S.W.2d 334, 336 (Mo. banc 1993).

The issue is whether the motion court clearly erred in denying Driver an evidentiary hearing. If the court determines that the motions, files, and records of the case conclusively show that the movant is not entitled to relief, a hearing will not be held. Rule 29.15(g). To receive an evidentiary hearing on a Rule 29.15 motion, the movant must meet three requirements: (1) the motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not conclusively refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the movant. *Starks,* 856 S.W.2d at 336.

■ Driver's Rule 29.15 motion alleged facts which, if true, warrant relief. Driver stated that she informed her trial counsel of a concussion she suffered in the accident and provided him with the name and location of the treating physician. Driver states further that she told counsel of her childhood affliction with Meniere's disease. Driver alleged that she provided her trial counsel with this information about her medical condition, but he failed to conduct a thorough investigation. She alleged that medical experts and her treating physicians, one of whom she named and located, should have been called. She contended that her medical records should have been offered to support her claims that a concussion affected her ability to think after the collision, and that the Meniere's disease affected her ability to walk. Driver asserted that this evidence would have resulted in her acquittal.

■ The controversy in this case focuses on the second pleading requirement; that is, whether the record of the sentencing proceeding conclusively refuted Driver's allegation of ineffective assistance of counsel. The state correctly notes that *United States v. Cronic,* 466 U.S. 648, 657 n. 21, 104 S.Ct. 2039, 2046 n. 21, 80 L.Ed.2d 657 (1984), does not apply here. *Cronic* involved the constitutional legal question of a substantive ineffective assistance of counsel claim, whereas the Rule 29.07(b)(4) process involves the defendant's factual allegations of ineffective assistance of counsel. Rule 29.07(b)(4) does not violate *Cronic* because the defendant is not asked to make a determination as a matter of law of counsel's effectiveness during the Rule 29.07(b)(4) inquiry. The issue of whether a defendant is entitled to an evidentiary hearing on a claim of ineffective assistance of counsel under state procedural rules is different from an evaluation of an ineffectiveness claim on its merits. *Cronic* is, therefore, of no assistance to Driver.

■ Driver is correct in her assertion, however, that the record of the sentencing proceeding in this case did not conclusively refute the allegation of ineffective assistance of counsel contained in her Rule 29.15 motion. Several Missouri cases have stated broadly that a defendant is precluded from pursuing a postconviction ineffective assistance of counsel claim when the defendant .repeatedly assures the court at the Rule 29.07(b)(4) inquiry that he or she is satisfied with defense counsel's performance and believes counsel has done everything the defendant requested. *See, e.g., State v. Nguyen,* 880 S.W.2d 627, 637 (Mo.App.1994); *State v. Pendleton,* 860 S.W.2d 807, 811 (Mo.App. 1993); *Townsend v. State,* 854 S.W.2d 496, 497–98 (Mo.App.1993); *Cramlett v. State,* 800 S.W.2d 813, 813–14 (Mo.App.1990). A motion court may properly consider a defendant's factual representations during a Rule 29.07(b)(4) inquiry in considering subsequent testimony to the contrary. *State v. Hurtt,* 836 S.W.2d 56, 61 (Mo.App.1992); *see also Hagan v. State,* 836 S.W.2d 459, 461 (Mo. banc 1992). A defendant's expressions of satisfaction with counsel at the Rule 29.07(b)(4) inquiry are relevant to a determination of whether counsel acted contrary to the defendant's direction. *Townsend,* 854 S.W.2d at 498. Certain factual statements elicited by the defendant in the sentencing proceeding may even preclude certain ineffective assistance of counsel claims.

■ To preclude an evidentiary hearing, however, the Rule 29.07(b)(4) inquiry must be specific enough to elicit responses from which the motion court may determine that the record refutes conclusively the allegation of ineffectiveness asserted in the Rule 29.15 motion. Responses to questions such as whether the trial attorney did everything

that the defendant wanted him to do, or, conversely, did not do anything that the defendant did not want him to do, are too broad to refute conclusively an ineffectiveness claim such as the one alleged by Driver so that the motion court may deny the Rule 29.15 motion without an evidentiary hearing. It is not enough that the defendant "would have known" of the claim during the sentencing proceeding. *Contra Cramlett*, 800 S.W.2d at 814 (holding that movant's ineffective assistance of counsel claim under Rule 24.035 precluded by Rule 29.07 inquiry similar to Driver's because "the claim that counsel failed to present a viable defense is a matter [about which] defendant would have known. The belated claim of ineffective assistance is not related to facts not known to defendant during the [guilty] plea hearing.").

The holding of this case, that to refute conclusively an allegation of ineffective assistance of counsel under a later Rule 29.15 pleading, a Rule 29.07(b)(4) inquiry must be more specific than the inquiry conducted here, places upon the trial court at sentencing an increased responsibility. The burden on the judicial process as a whole, however, is not increased. Rather, the process may in many instances become abbreviated at the Rule 29.15 stage of the process, as often is the case in a Rule 24.035 proceeding. As a consequence of the thoroughness of the questioning conducted in most guilty plea proceedings, significant numbers of Rule 24.035 motions are appropriately overruled without evidentiary hearing because the inquiry conducted by the trial court upon taking the guilty plea elicits responses that conclusively refute allegations in a later filed Rule 24.035 motion.[1] Additionally, a more specific inquiry under Rule 29.07(b)(4) should assist the trial court in determining whether, in fact, the defendant has counsel free of conflict for the purposes of appeal and postconviction relief proceedings, part of Rule 29.07(b)(4)'s purpose.

▆▆▆▆ As a final part of its response, the state alleges that, even if the record does not refute conclusively the allegations in Driver's Rule 29.15 motion, any expert medical evidence would have been cumulative of the testimony at trial offered by a friend of Driver's regarding Driver's medical condition, so Driver was not prejudiced. The state's assertion is without merit. A lay person is not qualified to make medical diagnoses or testify to the effect of a concussion or Meniere's disease on Driver's condition after the accident. This Court cannot say at the pleading stage that the absence of testimony by Driver's treating physician and the introduction of other medical evidence would not have been outcome determinative, considering the nature of Driver's defense.

In summary, the Rule 29.07(b)(4) inquiry in this case was too broad to elicit responses that refute conclusively the specific allegation of ineffective assistance of counsel presented in Driver's Rule 29.15 motion. Certain factual statements made by the defendant in the sentencing proceeding may later refute certain claims of ineffective assistance of counsel, but the questions asked and the responses to them must be specific enough to refute conclusively the movant's allegations. The record here failed to meet that requirement. Driver pleaded facts in her Rule 29.15 motion which, if true, entitle her to an evidentiary hearing. To the extent that *Cramlett* and its progeny hold that a record of a Rule 29.07(b)(4) inquiry such as the one in this case refutes an allegation of ineffective assistance of counsel such as Driver's, those cases are overruled.

### III.

The judgment of the trial court is affirmed. The judgment of the motion court is reversed and the cause remanded for an evidentiary hearing.

HOLSTEIN, C.J., BENTON, J., and O'SHEA, Senior Judge, concur.

LIMBAUGH, J., concurs in part and dissents in part in separate opinion filed.

---

1. This is not to suggest that the Rule 29.07(b)(4) inquiry need be specific in a manner equivalent to the customary, detailed inquiry at the taking of a guilty plea. The trial court may want to consider, however, drawing from questions normally directed to the defendant relative to assistance of counsel.

PRICE and ROBERTSON, JJ., concur in opinion of LIMBAUGH, J.

WHITE, J., not sitting.

LIMBAUGH, Judge, concurring in part and dissenting in part.

I respectfully dissent from that portion of the opinion pertaining to defendant's post-conviction relief motion. In particular, I object to the conclusion that the trial court's inquiries, made during the Rule 29.07(b)(4) hearing, were "too broad to elicit responses that refute conclusively the specific allegation of ineffective assistance of counsel presented in [defendant's] Rule 29.15 motion." Moreover, there is no justification for overruling the well-founded line of cases that hold to the contrary.

The questions asked at the Rule 29.07 hearing, to recapitulate, were as follows:

Q: At this time I want to ask you if you have any complaints against your attorney, the Public Defender's Office in this case?

A: No, sir.

Q: You think they did you a good job?

A: Yes, I do.

Q: Did they do anything that you didn't want them to do?

A: No.

Q: Did they do everything you wanted them to do?

A: Yes, sir.

Each of the points raised in defendant's Rule 29.15 motion, including the allegation regarding the failure to introduce medical evidence to explain defendant's post-accident behavior, consists of a complaint that the attorneys did not do everything asked of them. In response to the Rule 29.07 questions, defendant indicated unequivocally that she had no complaints against her attorneys and that the attorneys did everything that she wanted them to do. How then can it be said that the Rule 29.15 claims were not refuted by the record? The majority's conclusion defies reason.

Furthermore, the trial court's questions, although not "specific enough" for the majority, are the logical threshold questions that should be asked in every Rule 29.07 hearing.

In my view, defendant's responses to these questions obviated the need for further inquiry. It is only if the defendant had given the opposite answers to the questions—"Yes" [I have complaints against my attorney], "No" [I do not think they did a good job], "Yes" [They did do things that I did not want them to do], and "No" [They did not do everything I wanted them to do]—that further inquiry would be necessary. Specific questions, in other words, should be required only if the defendant's answers to the threshold questions give rise to some complaint or objection. They are necessary only for the purpose of identifying, describing, and evaluating a complaint against counsel if and when a complaint is called to the attention of the court by defendant's answer to the court's general threshold questions.

The majority puts trial judges in the difficult, if not impossible, position of fashioning and propounding what will necessarily be an endless list of "specific enough" questions. Indeed, to satisfy the majority, trial judges must anticipate and perceive every possible claim of ineffective assistance of counsel and ask a specific question about each of those claims. Placing this burden on trial judges is patently unreasonable.

To be sure, the better practice of the trial court would have been to ask a variety of other questions, such as:

Did your lawyers investigate the case to your satisfaction?;

Did your lawyers talk to the witnesses that you told them about?;

Did your lawyers answer the questions you asked of them?

Even these questions, however, became unnecessary when the defendant answered without qualification that she had no complaint about her lawyers and the lawyers did everything asked of them.

For these reasons, I dissent from the judgment of this Court reversing and remanding the judgment of the motion court. I concur in the judgment of this Court affirming the judgment of the trial court on the direct appeal.