**Barry Alvin MAYES, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 21333.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 27, 1997.

David Simpson, Asst. Public Defender, Columbia, for Movant–Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lisa A. Fischer, Asst. Atty. Gen., Jefferson City, for Respondent.

GARRISON, Presiding Judge.

Barry Alvin Mayes (Movant) pled guilty to second degree murder pursuant to a plea agreement and received a twenty year sentence. The motion court denied his Rule 24.035 [1] motion seeking to vacate the judgment and sentence without an evidentiary hearing. Movant appeals that denial. We affirm.

Appellate review of the motion court's ruling on a Rule 24.035 motion is limited to a determination of whether the findings and conclusions were clearly erroneous. Rule 24.035(k). The court's findings and conclusions are clearly erroneous only if a full review of the record leaves the appellate court with a definite and firm impression that a mistake has been made. *Johnson v. State,* 921 S.W.2d 48, 50 (Mo.App. W.D.1996).

---

1. All references to statutes are to RSMo.1994, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

In his Rule 24.035 motion, Movant alleged that he was denied effective assistance of counsel because his attorney "failed to adequately discuss and investigate an alibi defense." He alleged that he had told counsel at their first meeting that he was not involved in the shooting with which he was charged, but instead was at the home of Carla Brooks when it occurred. He contended that Ms. Brooks would have so testified if called, but that he was forced to abandon "his alibi defense because counsel would not believe him." He concluded that "[h]ad counsel investigated movant's alibi, movant would not have pleaded guilty but would have insisted on going to trial. At trial, a reasonable probability exists of a better result."

■■■ On this appeal, Movant contends that the motion court erred in denying his motion without an evidentiary hearing. In order to obtain an evidentiary hearing on claims of ineffective assistance of counsel, movant must allege facts, not refuted by the record, showing (1) that counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney, and (2) that he was thereby prejudiced. *Coates v. State*, 939 S.W.2d 912, 914 (Mo.banc 1997). An evidentiary hearing is not required unless the motion meets three requirements: (1) it must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the movant. *Id.*

■■■ By pleading guilty, Movant waived any complaint about his attorney's failure to investigate, except to the extent that the voluntariness of his plea was affected. *Evans v. State*, 921 S.W.2d 162, 164–65 (Mo. App. W.D.1996). To prevail on a claim of ineffective assistance of counsel for failure to investigate, a movant must specifically describe the information counsel failed to discover, allege that a reasonable investigation would have led to the discovery of the information, and prove that the information would have aided his defense. *Eberspacher v. State*, 915 S.W.2d 384, 386 (Mo.App. W.D. 1996).

An evidentiary hearing is not required, however, if the files and records of the case conclusively show that movant is entitled to no relief. Rule 24.035(h). In the instant case, Movant was charged with shooting and killing a person. He signed a statement presented to the court in connection with his plea in which he swore that "I shot Alex Haddad and he died;" he was completely satisfied in every respect with the manner in which his attorney represented him; and that there was no reason he was pleading guilty other than that he was guilty as charged.

■■■ At the plea hearing, Movant and the Court had the following exchange:

COURT: Do you understand ... [y]ou have a right to compel attendance of witnesses to come and testify for you?

MOVANT: Yes, sir.

. . . .

THE COURT: And have you told [his attorney] about witnesses you wanted him to talk to or anything?

MOVANT: Yes, sir.

THE COURT: You've given him a list of about everybody you could think of?

MOVANT: Yes, sir.

THE COURT: Do you think he or his investigator talked to those people?

MOVANT: Yes, sir.

At the plea hearing, Movant's attorney indicated that Defendant had intended to rely on self-defense if they had gone to trial. Movant then answered questions from the court concerning the availability of that defense and acknowledged understanding that at trial an instruction might have been given to the jury on that issue. Movant never mentioned the possibility of an alibi defense. Instead, he gave the following answers to questions from the court:

THE COURT: Okay, I'll ask you this: Do you believe you if you had a trial you might be found guilty of the original charge of murder first?

MOVANT: Yes, sir.

THE COURT: And armed criminal action?[2]

MOVANT: Yes, sir.

THE COURT: And so do I understand you're pleading guilty because you believe you are guilty?

MOVANT: Yes, sir.

. . . .

THE COURT: Now you said here [in the guilty plea form], "I shot Alex Haddad and he died," is that right?

MOVANT: Yes, sir.

The Court and Movant then engaged in a detailed discussion concerning the facts of the shooting with which he was charged. He told the court the time and location where the shooting occurred, and that he shot the victim with a 16 gauge, single-shot, sawed-off shotgun. He also said that he and the victim had had a fight a month earlier and had an argument earlier that night; that he had gone to get the gun and then started looking for the victim; that he was alone and on foot when the shooting occurred; that the victim had one person with him; that he walked a half block before reaching the victim; that he thought the victim was reaching for something when he shot him; and that there were other witnesses present. Significantly, Movant also told the court that he was the only person whose testimony could be helpful to him in his defense.

Finally, after receiving his sentence, Movant expressed his satisfaction with plea counsel's services:

THE COURT: Did you have sufficient opportunity to discuss this case with your attorney before you entered your plea of guilty?

MOVANT: Yes, Your Honor.

THE COURT: Did your attorney do the things you asked him to do prior to your entering a plea of guilty?

MOVANT: Yes, Your Honor.

THE COURT: Did he do anything you asked him not to do prior to your entering your plea of guilty?

MOVANT: No, Your Honor.

. . . .

THE COURT: Are you satisfied with the services rendered to you by [plea counsel] as your attorney?

MOVANT: Yes, sir.

THE COURT: Is there anything you wish to add concerning the assistance you received from your attorney?

MOVANT: No, sir.

Movant argues that this exchange is not specific enough to conclusively refute his allegations that plea counsel failed to discuss and investigate an alibi defense. He cites *State v. Driver*, 912 S.W.2d 52, 55–56 (Mo.banc 1995), for the proposition that responses to questions such as whether the trial attorney did everything that the defendant wanted him to do, or, conversely, did not do anything that the defendant did not want him to do, are too broad to refute conclusively an ineffectiveness claim. Relying on *Driver*, Movant observes that the trial court did not ask him any specific questions regarding his counsel's investigation of any alibi witness.

*Driver*, however, involved a conviction rather than a plea. The exchange between the court and the defendant occurred only during the Rule 29.07 proceeding following sentencing where the court is required to examine the defendant about the assistance of counsel. The court noted, however:

As a consequence of the thoroughness of the questioning conducted in most guilty plea proceedings, significant numbers of Rule 24.035 motions are appropriately overruled without evidentiary hearing because the inquiry conducted by the trial court upon taking the guilty plea elicits responses that conclusively refute allegations in a later filed Rule 24.035 motion.

*Id.* at 56.

In the instant case, Movant testified at the plea hearing that his counsel or his counsel's investigator spoke to those witnesses with whom he wanted counsel to consult. Movant also testified that he shot Haddad, and then discussed the shooting in detail, which indicates that he was not, as he now alleges, at

---

**2.** In the plea agreement, the State agreed to reduce the charge of murder in the first degree to second degree murder, and to dismiss the armed criminal action charge.

someone else's home at the time of the shooting.

Movant's allegations that his attorney failed to investigate an alibi witness, and that he indeed had a credible alibi defense are refuted conclusively by his own testimony at the plea hearing. *See Eberspacher v. State,* 915 S.W.2d at 386–87. He has not established his entitlement to an evidentiary hearing, and the motion court did not err in denying him one.

The judgment of the motion court is affirmed.

PREWITT, and CROW, JJ., concur.