Cynthia L. Martin, Judge
Christopher Jones ("Jones") appeals from the judgment of the motion court denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. Jones argues that the motion court applied the incorrect standard to determine his claim of ineffective assistance of counsel at sentencing. Jones also contends that it was error to deny his claim without an evidentiary hearing because his testimony expressing satisfaction with counsel applied only to the voluntariness of his plea, and not to his satisfaction with counsel's performance at sentencing. Alternatively, Jones contends that it was error to deny his claim without an evidentiary hearing because the record did not conclusively refute his claim. We affirm.
*696 Factual and Procedural Background
On October 23, 2015, Jones pled guilty to the Class C felony of tampering in the first degree. After finding that Jones entered his plea knowingly and voluntarily, the trial court accepted the plea and ordered a sentencing assessment report. A sentencing hearing was held on December 22, 2015.
At the sentencing hearing, defense counsel highlighted Jones's newfound sobriety since entering custody, and requested a three-year sentence with Jones possibly being assessed for drug court upon release. Jones presented his own statement accepting responsibility for his crime. The trial court noted Jones's prior history of drug use and criminal activity. The trial court specifically admonished Jones for using drugs while out on bond. The trial court expressed concern that Jones had continued to use drugs despite being given opportunities to succeed. The trial court sentenced Jones to a seven-year term of imprisonment.
The trial court then advised Jones of his rights under Rule 24.035 to challenge his conviction and sentence. In response to questions from the trial court, Jones testified that there was nothing counsel did that Jones did not want him to do; there was nothing counsel failed to do that Jones wanted him to do; there were no witnesses to whom Jones wanted counsel to talk; there was no evidence Jones wanted counsel to present; and Jones was completely satisfied with counsel's assistance, even in light of the trial court's sentencing. Based on Jones's testimony, the trial court held that there was no probable cause to find that Jones received ineffective assistance of counsel.
Jones thereafter filed a pro se Rule 24.035 motion. Appointed counsel filed an Amended Motion to Vacate, Set Aside, or Correct Judgment and Sentence on May 24, 2016 ("Amended Motion"). The Amended Motion argued that Jones received ineffective assistance of counsel because counsel did not investigate or present testimony from Jones's girlfriend and father at the sentencing hearing. According to the Amended Motion, these witnesses were present in the courtroom on the day of sentencing, and were prepared to provide mitigating testimony that would have resulted in a reasonable probability that Jones would have received a lesser sentence.
The motion court denied Jones's Amended Motion without an evidentiary hearing and entered findings of fact, conclusions of law, and a judgment ("Judgment"). The motion court held that Jones's claim was refuted by the record based on his sentencing hearing testimony.
This timely appeal follows.
Standard of Review
Appellate review of the denial of a post-conviction relief motion is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); Roberts v. State , 276 S.W.3d 833, 835 (Mo. banc 2009). Findings and conclusions are clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. Roberts , 276 S.W.3d at 835. The movant bears the burden of showing by a preponderance of the evidence that the motion court clearly erred. Id.
Dunlap v. State , 452 S.W.3d 257, 261-62 (Mo. App. W.D. 2015). "The motion court's findings of fact and conclusions of law are presumed to be correct." Hays v. State , 360 S.W.3d 304, 309 (Mo. App. W.D. 2012) (quoting Edwards v. State , 200 S.W.3d 500, 509 (Mo. banc 2006) ).
*697 Analysis
To sustain his burden to prove that he received ineffective assistance of counsel, Jones "must prove by a preponderance of the evidence that: (1) counsel failed to exercise the level of skill and diligence of a reasonably competent attorney; and (2) that he was thereby prejudiced." Dunlap , 452 S.W.3d at 262 (citing Zink v. State , 278 S.W.3d 170, 175 (Mo. banc 2009) ). "A movant claiming ineffective assistance must overcome a strong presumption that counsel provided competent representation." Id. (citing Worthington v. State , 166 S.W.3d 566, 573 (Mo. banc 2005) ). "To prove prejudice the movant must demonstrate that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " Id. (quoting Strickland v. Washington , 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ). Because a movant must establish both deficient performance by counsel and prejudice, if a movant fails to establish one prong, a court need not address or consider the other. O'Neal v. State , 766 S.W.2d 91, 92 (Mo. banc 1989).
Jones raises three points on appeal. In Point I, Jones argues that the motion court erred in denying his Amended Motion because the motion court applied an incorrect standard to determine whether he was prejudiced by his counsel's deficient performance during sentencing. In Point II, Jones contends that the motion court erroneously denied his Amended Motion without an evidentiary hearing because his testimony during the sentencing hearing expressing satisfaction with counsel applied only to whether his plea was voluntary. In Point III, Jones alternatively contends that the motion court erroneously denied his Amended Motion without an evidentiary hearing because the record did not conclusively refute his claim of ineffective assistance of counsel during sentencing.
Point One
Jones's first point on appeal implicates Strickland 's prejudice prong. Jones argues that the motion court applied an incorrect standard to determine whether he was prejudiced by counsel's deficient performance during sentencing. We disagree.
As noted, to establish the Strickland prejudice prong, a movant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland , 466 U.S. at 694, 104 S.Ct. 2052. Applied to claims of ineffective assistance of counsel at sentencing, a movant must "show that but for sentencing counsel's errors ... the result of the sentencing would have been different, specifically, that his sentence would have been lower." Dunlap , 452 S.W.3d at 262 (citing Cherco v. State , 309 S.W.3d 819, 827, 829-30 (Mo. App. W.D. 2010) ).
Here, the motion court's Judgment, in generally addressing Jones's burden to prove ineffective assistance of counsel, stated that "following a guilty plea, any claim of ineffective assistance of counsel is immaterial except to the extent it impinges upon the voluntariness and knowledge with which the plea was made." Though true with respect to the majority of post-conviction claims following a guilty plea, this standard cannot be read to preclude the assertion of a cognizable claim that counsel's deficiencies detrimentally impacted the length of the sentence imposed, while not affecting the knowing and voluntary nature of the guilty plea. Cherco , 309 S.W.3d at 829-30. Here, Jones does not argue that his decision to plead guilty was involuntary or unknowing. Instead, the Amended Motion argues only that counsel's *698 failure to investigate and present mitigation testimony during the sentencing hearing detrimentally impacted the length of his sentence. The motion court's stated standard for assessing prejudice is not applicable to this scenario.
We addressed a similar issue in Dunlap . The Rule 24.035 movant in Dunlap alleged that counsel was ineffective for failing to investigate and present mitigation evidence at sentencing. Id. at 258. The motion court denied the motion, observing that "the question is whether the constitutionally ineffective performance affected the outcome of the plea process, not the outcome of the sentencing phase of the proceedings." Id. at 261. The motion court then found that "[m]ovant offer[ed] no proof or persuasive argument that any decision his attorney made with respect to sentencing ... would have affected his decision to plead guilty." Id. The court in Dunlap held that the motion court applied an incorrect standard to deny the movant's motion. Id. at 262. We reversed and remanded the matter to the motion court "with instructions that it apply the appropriate standard and issue findings of fact and conclusions of law in accordance with that standard." Id.
The result in Dunlap does not require reversal of the motion court's Judgment in this case. Though the motion court articulated the wrong standard for assessing prejudice where a claim of ineffective assistance concedes the voluntariness of a guilty plea and is directed only to the length of an imposed sentence, the motion court did not rely on that standard to deny the Amended Motion. The Judgment instead focused exclusively on Jones's failure to establish Strickland 's performance prong. The motion court found as follows:
At the sentencing hearing Movant was specifically asked about his plea counsel, and expressed satisfaction in his services.... [T]he Movant was questioned under oath as follows:
The Court: Is there anything he (plea counsel) did in your case you didn't want him to do?
Movant: No.
The Court: Anything he did not do that you did want him to do?
Movant: No.
The Court: Any witnesses you wanted him to talk to?
Movant: No.
The Court: Any evidence you wanted him to present?
Movant: No.
The Court: Are you completely satisfied with the help he gave you, whether or not you're happy with what I've done here today?
Movant: Yes, sir.
The Court: Anything else you want to tell me about his representation of you?
Movant: No, sir.
Given these responses, Movant's claim is completely without merit. Movant's own words demonstrate this.
The motion court thus denied the Amended Motion because Jones's sentencing hearing testimony refuted his claim that counsel's performance was deficient. Having found that the record refuted Jones's ability to establish Strickland 's performance prong, the Judgment was not required to alternatively address whether Jones was prejudiced by counsel's allegedly deficient performance during sentencing. O'Neal , 766 S.W.2d at 92 (holding that a court need only find that one of the required Strickland prongs cannot be established). This case is thus distinguishable from Dunlap , where the motion court's judgment expressly applied the erroneously stated prejudice standard to deny the movant's motion. Thus, the Judgment's reference to an erroneous prejudice standard *699 does not warrant reversal as the motion court did not rely on the erroneous standard to deny the Amended Motion.
Point One is denied.
Points Two and Three
Jones's second and third points on appeal claim error in denying the Amended Motion without an evidentiary hearing. "To be entitled to an evidentiary hearing on a motion for post-conviction relief: (1) the movant must allege facts-not conclusions-which, if true, warrant relief; (2) the facts alleged must establish that the movant's case was prejudiced; and (3) the facts must not be refuted by the record." Bogard v. State , 356 S.W.3d 850, 853 (Mo. App. W.D. 2012) (quoting Finley v. State , 321 S.W.3d 368, 371 (Mo. App. W.D. 2010) ). We have already explained that in denying the Amended Motion without an evidentiary hearing, the motion court found that Jones's claim that counsel's performance was deficient, the first Strickland prong, was refuted by the record.
Jones's Amended Motion claimed that counsel's performance was deficient because counsel should have investigated and presented testimony from Jones's girlfriend and father during the sentencing hearing. In order to establish constitutionally deficient performance warranting relief, Jones "must demonstrate that trial counsel's failure to [investigate and] call character witnesses at his sentencing hearing fell below an objective standard of reasonableness." Cherco , 309 S.W.3d at 825.
To succeed on a claim of ineffective assistance of counsel for failure to investigate a witness, Jones was required to show: "(1) that counsel's failure to investigate was unreasonable and (2) that [he] was prejudiced as a result of counsel's unreasonable failure to investigate." Barton v. State , 432 S.W.3d 741, 759 (Mo. banc 2014). "Only rarely does a court find that failure to interview witnesses is sufficient to justify the finding of ineffective assistance of counsel." Sanders v. State , 738 S.W.2d 856, 858 (Mo. banc 1987). "To succeed on a claim of ineffective assistance of counsel for failure to call a witness, [Jones] must show that: (1) counsel knew or should have known of the existence of the witness, (2) the witness could be located through a reasonable investigation, (3) the witness would testify, and (4) the testimony of the witness would have produced a viable defense." Hays , 360 S.W.3d at 309-10. As a matter of strategy, the decision not to call a witness is "virtually unchallengeable." Cherco , 309 S.W.3d at 825 (quoting State v. Gilpin , 954 S.W.2d 570, 576 (Mo. App. W.D. 1997) ); see also Hays , 360 S.W.3d at 310 ("The selection of witnesses is a virtually unchallengeable question of trial strategy.") (quotation omitted). The decision not to call a witness is presumptively a matter of strategy and "will not support a claim of ineffective assistance of counsel unless the defendant clearly establishes otherwise." Radmer v. State , 362 S.W.3d 52, 56 (Mo. App. W.D. 2012) (quoting Hutchison v. State , 150 S.W.3d 292, 304 (Mo. banc 2004) ).
Here, the Amended Motion identified two witness (Jones's girlfriend and father); claimed that both witnesses were in the courtroom during the sentencing hearing and would have testified if called; explained that each would have testified about Jones's supportive nature, dependability, and character growth, and that Jones had housing and potential employment in place; and alleged that counsel "had their contact information easily available to him" and "failed to talk with them about [Jones]." Presuming, arguendo , that these allegations constitute "facts" sufficient to warrant relief, Jones was not entitled to an evidentiary hearing if any one of the factual allegations necessary to warrant *700 relief was refuted by the record. See Bogard , 356 S.W.3d at 853. As the motion court accurately noted, Jones expressly testified during the sentencing hearing that there were no witnesses that his counsel failed to investigate, and that there was no evidence that his counsel failed to present.
Jones argues in his second point on appeal that his testimony during the sentencing hearing was only relevant to determine whether he knowingly and voluntarily entered a guilty plea, and not to whether he was satisfied with counsel's performance during sentencing. Jones offers no authority for this proposition. Though he cites to authority addressing trial counsel's general duty to investigate,[1] he cites no authority for the proposition that a movant's affirmative assurance that counsel did not fail to talk to witnesses, or to present evidence, carries no weight in determining whether counsel's performance was reasonable. Beatty v. State Tax Comm'n , 912 S.W.2d 492, 498-99 (Mo. banc 1995) ("Where a party fails to support a contention with relevant authority or argument beyond conclusions, the point is considered abandoned."). Here, the sentencing court's questioning of Jones after sentence was imposed was directed to Jones's satisfaction with the entire guilty plea proceeding, including sentencing. The sentencing court expressly asked Jones whether he was "completely satisfied with the help [counsel] gave you, whether or not you're happy with what I've done here today ," referring to the imposition of a sentence that was in excess of the sentence sought by Jones's counsel. The trial court did not error in denying the Amended Motion without an evidentiary hearing in light of Jones's testimony. Jones's second point on appeal is denied.
Jones alternatively argues in his third point on appeal that his claim of ineffective assistance of counsel was not refuted by the record. We have already explained, however, that Jones's testimony during the sentencing hearing expressly refuted an essential component of his claim for ineffective assistance of counsel based on the failure to investigate or call witnesses to testify-that counsel knew or should have known of Jones's girlfriend and father, and of their desire to provide character evidence testimony during sentencing, and that it was unreasonable for counsel not to interview or present them.
Jones argues that his testimony during the sentencing hearing that there were no witnesses his counsel failed to talk to, or evidence his counsel failed to present, was not conclusive of the claim in his Amended Motion that counsel failed to investigate or present testimony from his girlfriend and father. Jones cites to State v. Driver , 912 S.W.2d 52, 55 (Mo. banc 1995), for the proposition that questions asked of a movant during a sentencing hearing "must be specific enough to elicit responses from which the motion court may determine that the record refutes conclusively the allegation of ineffectiveness asserted in the *701 [post-conviction] motion." Driver is distinguishable. There, a movant claimed ineffective assistance of counsel based on having advised trial counsel of a childhood medical condition that, had it been investigated, could have afforded evidence that would have resulted in her acquittal. Id. Our Missouri Supreme Court concluded that questions asked of the movant at sentencing about whether counsel "did ... a good job," "[d]id ... anything that you didn't want them to do," or "[d]id ... everything you wanted them to do" were too broad and non-specific to refute the movant's claim conclusively as to deprive her of an evidentiary hearing on the claim. Id. at 55-56 ; see id. at 57 (Limbaugh, J., concurring in part and dissenting in part) (quoting the questions asked of the movant). In so holding, however, the Supreme Court also observed that unlike sentencing hearings following a conviction at trial, "the thoroughness of the questioning conducted in most guilty plea proceedings [results in] significant numbers of Rule 24.035 motions [being] appropriately overruled without evidentiary hearing[s] because the inquiry conducted by the trial court upon taking the guilty plea elicits responses that conclusively refute allegations in a later filed Rule 24.035 motion." Id. at 56.
Jones was specifically asked during the sentencing hearing following his guilty plea whether there were specific witnesses that counsel should have talked to, or specific evidence that counsel should have presented. These questions were sufficiently specific to permit the motion court to rely on Jones's response to refute his Rule 24.035 claim that counsel failed to investigate and call witnesses whose testimony would allegedly have impacted the length of his imposed sentence. That is particularly so because Jones was aware (based on the allegations in the Amended Motion) that his girlfriend and father were present in the courtroom and prepared to testify about his character in the hopes of influencing his sentence.
The trial court did not error in denying the Amended Motion without an evidentiary hearing. Jones's third point on appeal is denied.
Conclusion
The motion court's Judgment is affirmed.
All concur

Jones relies on Porter v. McCollum , 558 U.S. 30, 40, 130 S.Ct. 447, 175 L.Ed.2d 398 (2009) for the proposition that he "may have been fatalistic or uncooperative, but that does not obviate the need for defense counsel to conduct some sort of mitigation investigation." In Porter , the United States Supreme Court found that standby counsel, who represented the defendant only during sentencing, who had only a short meeting with the defendant before sentencing, and who "did not obtain any of [the defendant's] school, medical, or military service records or interview any of [the defendant's] family," provided constitutionally deficient performance, given the defendant's extensive military history, and evidence that the defendant was suffering from mental health issues. Id. at 39-40, 130 S.Ct. 447. Porter did not involve a scenario where a defendant affirmatively represented the lack of any dissatisfaction with counsel at the time of sentencing.