

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| MARKELL D. JACKSON, | ) | No. ED110501 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | Cause No. 21SL-CC03309 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Dean P. Waldemer |
| | ) | |
| Respondent. | ) | Filed: February 21, 2023 |

### Introduction

Markell Jackson ("Jackson") appeals the motion court's judgment denying his amended Rule 24.035 motion for post-conviction relief without an evidentiary hearing.[1] Jackson pleaded guilty to Murder in the Second Degree and Armed Criminal Action. He was sentenced to a total of 23 years in prison. On appeal, Jackson argues the motion court erred in denying his amended motion because plea counsel was ineffective for unreasonably coercing Jackson to enter an unknowing, unintelligent, and involuntary guilty plea. We affirm the judgment of the motion court denying Jackson's amended Rule 24.035 motion.

---

[1] All Rule references are to the Missouri Supreme Court Rules (2021), unless otherwise indicated.

## Background

Jackson was charged as a persistent felony offender with Murder in the First Degree and Armed Criminal Action for shooting and killing his father. On June 29, 2021, pursuant to a plea agreement, Jackson pleaded guilty to the amended charge of Murder in the Second Degree and Armed Criminal Action in the Circuit Court of St. Louis County.

At the plea and sentencing hearing, the court placed Jackson under oath and asked a series of questions regarding plea counsel's performance and effectiveness, to which Jackson responded as follows.

The Court: Has Mr. Morrison complied with all of your requests?

Jackson: Somewhat, yes, your Honor.

The Court: Has he answered all of your questions?

Jackson: Yes, your Honor.

The Court: Have you been given enough time to discuss your case with him before pleading guilty today?

Jackson: Yes, your Honor.

The Court: Do you have any complaints or criticisms of him at this time?

Jackson: I mean, other than there was kind of –

…

Jackson: I mean at first he wasn't – he was ineffective at first. I didn't really get to communicate with him until the last minute so I feel like, you know, that was a big problem at the beginning, but then once he came and I spoke with him, we kind of settled matters.

The Court: So initially you were concerned about it, but now you and he are communicating effectively?

Jackson: Yes, your Honor.

The Court: All right. Other than that, do you have any other complaints or criticisms of your attorney?

Jackson: No, your Honor.

The Court: Do you know of anything that he could have done that he hasn't done?

Jackson: No, your Honor.

The Court: Do you know of any witnesses he could have contacted that he has not contacted?

Jackson: No, your Honor.

The Court: Has Mr. Morrison investigated your case to your complete satisfaction?

Jackson: Yes, your Honor.

The Court: Do you believe that you've been fully advised by him as to all aspects of your case, including your legal rights and the consequences of pleading guilty today?

Jackson: Yes, your Honor.

The Court: Do you believe that your attorney has adequately, completely, and effectively represented you in your defense to these charges?

Jackson: Yes, your Honor.

The court accepted Jackson's guilty plea and sentenced him to recommended concurrent sentences of 23 years. The court then reinitiated questioning of Jackson about his counsel's performance.

The Court: Did you have enough time to discuss your case with him before pleading guilty today?

Jackson: Yes, your Honor.

The Court: Did he answer all of your questions?

Jackson: Yes, your Honor.

The Court: Did he do everything that you asked him to do before you pled guilty?

Jackson: Yes, your Honor.

3

The Court: Is there anything that you asked him to do that he refused to do?

Jackson: No, your Honor.

...

The Court: Did he explain to you before you pled guilty the minimum and maximum sentences you could face?

Jackson: Yes, your Honor.

The Court: Did he explain to you anything about your sentences as to how much time you might serve or when you might be paroled?

Jackson: Yes, your Honor.

...

The Court: Did he explain to you that you have the option of pleading guilty or going to trial?

Jackson: Yes, sir.

The Court: Did he tell you whose decision that was whether you went to trial or pled guilty?

Jackson: Yes, your Honor.

The Court: Whose decision was it?

Jackson: Mine, sir.

Less than three weeks later, on July 16, 2021, Jackson timely filed his *pro se* Rule 24.035 motion to vacate, set aside, or correct the judgment. On August 18, 2021, post-conviction counsel was appointed. On December 17, 2021, counsel filed an amended Rule 24.035 motion and a request for an evidentiary hearing. The amended motion alleged that plea counsel provided ineffective assistance by unreasonably coercing Jackson to plead guilty by lack of attention to Jackson's case and infrequent communication.

4

On February 22, 2022, the motion court entered its findings of facts, conclusions of law, order, judgment, and decree denying Jackson's amended Rule 24.035 motion without an evidentiary hearing. The motion court found that Jackson's claim was unsupported by the record, as Jackson repeatedly assured the court during the plea and sentencing hearing that plea counsel provided effective assistance. Specifically, the court found that, though Jackson stated that he and counsel had a communication problem at the beginning, Jackson assured the court that, at the time of the plea proceeding, they were communicating effectively and Jackson had no other complaint or criticism of counsel. The court concluded that Jackson's claim of ineffective assistance of counsel was refuted by the record and that Jackson was not entitled to an evidentiary hearing.

Jackson appeals the judgment of the motion court denying his amended Rule 24.035 motion.

## Standard of Review

Our review of the denial of a Rule 24.035 motion is limited to whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Weeks v. State*, 140 S.W.3d 39, 44 (Mo. banc 2004). The movant bears the burden of showing by a preponderance of the evidence that the motion court clearly erred in its ruling. *Stacker v. State*, 357 S.W.3d 300, 303 (Mo. App. E.D. 2012).

## Discussion

Jackson's sole point on appeal is that the motion court erred in denying his amended Rule 24.035 motion because the record did not refute Jackson's allegation that plea counsel provided ineffective assistance. He alleges that counsel unreasonably coerced Jackson into entering an unknowing, unintelligent, and involuntary guilty plea by lack of attention to Jackson's case and

5

infrequent communication. Jackson maintains that, had he received effective assistance of counsel, he would not have pleaded guilty and would have gone to trial.

When a movant claims ineffective assistance of counsel, the movant must allege facts, not refuted by the record, that show "counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney," resulting in prejudice to the movant. *Matthews v. State*, 175 S.W.3d 110, 113 (Mo. banc 2005); *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Prejudice exists where the movant shows that, but for counsel's ineffective assistance, he would not have pleaded guilty and would have insisted on taking his case to trial. *Taylor v. State*, 456 S.W.3d 528, 534 (Mo. App. E.D. 2015).

Where there is a plea of guilty, a claim of ineffective assistance of plea counsel is immaterial "except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made." *Worthington v. State*, 166 S.W.3d 566, 573 (Mo. banc 2005); *see also Gales v. State*, 533 S.W.3d 796, 799 (Mo. App. E.D. 2017). If an examination of the guilty plea proceedings directly refutes a movant's claim that his plea was involuntary, then the movant is not entitled to any relief. *Rivers v. State*, 498 S.W.3d 534, 536-37 (Mo. App. E.D. 2016).

Here, Jackson claims the motion court clearly erred in concluding that the record refutes his claim of ineffective assistance of counsel. Jackson reminds us that he expressly told the court during the plea and sentencing hearing that plea counsel "was ineffective at first" and Jackson "didn't really get to communicate with him until the last minute." He also points to his statements that he and plea counsel only "kind of" settled the issues between them and that Jackson had no other criticism "other than that."

Jackson thus asserts that the plea court's questioning regarding plea counsel's performance was insufficiently specific to refute Jackson's claim of ineffective assistance of

counsel. For this proposition, Jackson cites the seminal case of *State v. Driver*, 912 S.W.2d 52, 55 (Mo. banc 1995).

In *Driver*, the Supreme Court of Missouri held that, to preclude an evidentiary hearing on a Rule 29.15 movant's allegation of ineffective assistance of trial counsel, the sentencing court's inquiry must be specific enough to elicit responses from which the motion court may determine that the sentencing record conclusively refutes the allegation. *Id*. Responses to general questions such as whether trial counsel did everything the movant wanted him to do were too broad to refute conclusively an allegation of ineffective assistance of trial counsel and to deny a Rule 29.15 motion without an evidentiary hearing.[2] *Id.* at 55-56.

Importantly, the *Driver* Court went out of its way to distinguish post-trial Rule 29.15 motions from post-guilty plea Rule 24.035 motions, like the one we consider here.[3] Indeed, the Court assured that, despite its holding requiring increased specificity to refute Rule 29.15 allegations, "[t]he burden on the judicial process as a whole, however, is not increased." *Id.* at 56. That was because, as a consequence of the thoroughness of questioning at most guilty plea hearings, Rule 24.035 motions often are appropriately denied without an evidentiary hearing. *Id.*

Here, as a consequence of the thoroughness of the plea court's questioning, Jackson's Rule 24.035 motion appropriately was denied without an evidentiary hearing. *See May v. State*, 921 S.W.2d 85, 88 (Mo. App. W.D. 1996) ("The case at bar falls squarely within the latter

___

[2] Rule 29.15, entitled "Conviction After Trial – Correction," provides, in pertinent part, "A person convicted of a felony after trial claiming that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, . . . may seek relief in the sentencing court pursuant to the provision of this Rule 29.15." Rule 29.15(a).
[3] Rule 24.035, entitled "Conviction After Guilty Plea – Correction," provides in pertinent part, "A person convicted of a felony on a plea of guilty claiming that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, . . . may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035." Rule 24.035(a).

situations referred to by the [*Driver*] court. First, it is a Rule 24.035 proceeding and the examination of May was more thorough than that conducted in *Driver*.").

> A motion court properly denies an evidentiary hearing on a motion for post-conviction relief where the movant repeatedly assured the plea court that he was satisfied with counsel's representation and that counsel did everything he requested and the movant was given ample opportunity to express his duress to the court.

*Ballard v. State*, 500 S.W.3d 294, 302 (Mo. App. E.D. 2016) (internal alteration and quotations omitted).

Jackson was given ample opportunity to express dissatisfaction with plea counsel's performance both before and after his guilty plea. Indeed, Jackson initially expressed that plea counsel "was ineffective at first" and "I didn't really get to communicate with him until the last minute so I feel like . . . that was a big problem at the beginning." Jackson went on to explain, "[B]ut then once he came and I spoke with him, we kind of settled matters." The plea court specifically inquired, "So initially you were concerned about it, but now you and he are communicating effectively?" Jackson responded affirmatively.

At no other point in the plea or sentencing hearing did Jackson express dissatisfaction with the performance of counsel, despite that the plea court gave him numerous opportunities to do so. *See May*, 921 S.W.3d at 88 ("[T]he sentencing court . . . gave May numerous opportunities to express dissatisfaction with the performance of counsel, and otherwise made a sufficiently thorough and specific examination, as to conclusively refute his Rule 24.035 allegation."). Instead, in response to the plea court's thorough and specific examination, Jackson persisted that he had enough time to discuss his case with counsel, and counsel answered all of his questions and did everything Jackson asked him to do. Jackson denied that he had any additional complaints or criticisms of plea counsel, or that he knew of anything counsel could have done that he did not do. Jackson attested that counsel investigated the case to his

satisfaction and fully advised him of all aspects of the case. According to Jackson, plea counsel also explained his options of pleading guilty or going to trial and the sentencing range. Ultimately, Jackson assured the plea court of his belief that counsel "adequately, completely, and effectively" represented him.

This record directly refutes the allegation in Jackson's amended Rule 24.035 motion that plea counsel provided ineffective assistance by coercing Jackson to involuntarily plead guilty by lack of attention to Jackson's case and infrequent communication. *See Ryan v. State*, 547 S.W.3d 151, 156 (Mo. banc 2018) (holding record conclusively refuted movant's Rule 24.035 allegation that counsel did not discuss case with him).

The motion court did not clearly err in denying Jackson's amended Rule 24.035 motion without an evidentiary hearing. The Point is denied.

## Conclusion

For the foregoing reasons, we affirm the judgment of the motion court.


_____
Cristian M. Stevens, J.


Gary M. Gaertner, Jr., P.J., and
John P. Torbitzky, J., concur.

9