

# Missouri Court of Appeals

### Southern District

### In Division

BRYCE DAVIS, )
)
Appellant, )
) No. SD38856
vs. )
) FILED: July 23, 2025
STATE OF MISSOURI, )
)
Respondent. )

APPEAL FROM THE CIRCUIT COURT OF BUTLER COUNTY

Honorable Devin Kirby, Judge

**AFFIRMED**

Bryce Davis ("Movant") appeals the denial of his amended Rule 24.035 motion for post-conviction relief following an evidentiary hearing on his claim that his attorney ("Plea Counsel") rendered ineffective assistance of counsel.[1] Because Movant's sole point alleging clear error by the motion court is without merit, we affirm.

### Factual and Procedural Background

Pursuant to a negotiated plea agreement, Movant pled guilty to second-degree robbery, received a fifteen-year sentence, and the State dismissed several other charges. Movant, thereafter, timely filed a *pro se* post-conviction relief motion. He later filed an amended motion,

---

[1] All rule references are to Missouri Court Rules (2022).

which the motion court found should be treated as timely following an abandonment inquiry, in which he claimed that Plea Counsel was ineffective for failing to timely file a motion to change venue within ten days following Movant's arraignment as required by Rules 32.03 and 32.04.

The motion court held an evidentiary hearing on Movant's claim, taking notice of the underlying criminal file and receiving testimony from Movant and Plea Counsel. In its ensuing order, the motion court summarized the witnesses' testimony as follows:

> Movant claims that [Plea Counsel]'s failure to file a motion for a change of venue as a matter of right or for cause rendered his guilty plea involuntary. Movant testified that he did not want his case tried in Butler County, Missouri, because he had previous charges in that county that he believes were in the news, newspapers, and social media sites. As a result, Movant testified that he believed he would not get a fair trial in Butler County, Missouri. He further testified that he told his [Plea Counsel] that he wanted a change of venue immediately after his preliminary hearing.
>
> [Plea Counsel] testified that his standard of practice is to advise his clients of their right to a change of venue as a matter of right at the preliminary hearing and arraignment. He did not recall Movant requesting it at either one of those times and has no documentation in his file indicating Movant requested him to file such a motion at those times. He further testified that Movant did later request that he file a motion for a change of venue prior to the jury trial. [Plea Counsel] filed the motion for a change of venue for cause, which was denied by the trial court.

The motion court then quoted the following several colloquy excerpts from Movant's plea and sentencing hearing:

> Q. [by the plea court] Now, Mr. Davis, my understanding is that you wish to enter a guilty plea to this amended charge.
>
> Is that what you want to do?
>
> A. [by Movant] Yes, sir.
>
> . . . .
>
> Q. [by the plea court] The amended charge that we are dealing with today is the Class B felony of robbery in the second degree.
>
> Do you understand what you are charged with?

A. [by Movant]  Yes, sir.

. . . .

Q. [by the plea court] And do you understand that by pleading guilty you will be admitting that you did what you are now charged with?

A. [by Movant]  Yes, sir.

Q.  Has anyone threatened you or promised you anything to make you plead guilty today?

A.  No, sir.

. . . .

Q. [by the plea court]  Are you satisfied with the services of your attorney?

A. [by Movant]  Yes, sir.

. . . .

Q. [by the plea court]  Has your attorney done everything you asked him to do in preparing your case?

A. [by Movant]  Yes, sir.

Q.  Has your attorney failed or refused to do anything that you asked him to do in preparing your case?

A.  No, sir.

Q.  Is there anything that you do want me to consider concerning the representation that you have received from your attorney before I make a determination as to whether or not you have received ineffective assistance of counsel [sic] any complaints today?

A.  No, sir.

The motion court finally concluded that "[t]he record establishes that Movant was satisfied with [Plea Counsel] and Movant entered his plea knowingly and voluntarily" and ultimately denied Movant's amended motion.  Movant timely appeals this decision.

3

**Applicable Principles of Review**

Appellate review of the motion court's denial of Movant's post-conviction motion under Rule 24.035 is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k). "A motion court's findings and conclusions are clearly erroneous only if the Court, after reviewing the entire record, is left with the definite and firm impression that a mistake has been made." *Gehrke v. State*, 280 S.W.3d 54, 56-57 (Mo. banc 2009). As relevant here, "[i]f conviction results from a guilty plea, any claim of ineffective assistance of counsel is immaterial except to the extent that it impinges the voluntariness and knowledge with which the plea was made." *State v. Roll*, 942 S.W.2d 370, 375 (Mo. banc 1997).

**Discussion**

In his sole point, Movant contends that the motion court clearly erred in denying his claim because "the record did not refute his claim that Plea Counsel was ineffective for failing to timely move to transfer [Movant]'s case out of Butler County." Citing *State v. Driver*, 912 S.W.2d 52 (Mo. banc 1995), Movant takes issue with the motion court's reliance on Movant's responses to the plea court's Rule 29.07 inquiry. *See* Rule 29.07(b)(4) (providing that "[i]f a defendant has a right to proceed under Rules 24.035 or Rule 29.15, the court at the conclusion of final sentencing shall advise the defendant of such right and shall examine the defendant as to the assistance of counsel received by the defendant"). Movant argues that "[t]he plea court's questions were too broad and unspecific to deny a claim for post-conviction relief out of hand." Movant further argues that "[h]e had no way to know that Plea Counsel's motion for change of venue was untimely . . ."[2] and that, "[a]s far as [he] knew at the time of the plea, Plea Counsel

---

[2] Movant additionally argues that he "had no way to know that Plea Counsel's motion for change of venue . . . did not include citations to applicable Supreme Court Rules." Specifically, Movant asserts that Plea Counsel's untimely

4

had done everything he asked him to do." This argument fails for several reasons.

First and foremost, the **Driver** case concerned whether responses elicited in a Rule 29.07 inquiry were specific enough to preclude post-conviction relief *without* an evidentiary hearing. 912 S.W.2d at 55-56. Here, however, the motion court held an evidentiary hearing, which thereby allowed the record to be supplemented. And while Movant alleges that "[a]s far as [he] knew at the time of the plea, Plea Counsel had done everything he asked him to do[,]" he neglects to cite to anywhere in the evidentiary hearing transcript where he so testified.

Based upon our review of that transcript as a part of the entire record, Movant testified on redirect in a manner contrary to his argument on appeal:

> Q. [by post-conviction relief counsel] Mr. Davis, you were asked a few questions about whether or not you brought any of this to the court's attention. Are you an attorney?
>
> A. [by Movant] No, sir.
>
> Q. Okay. Do you know the Missouri Rules of the Supreme Court?
>
> A. No, sir.
>
> Q. Do you know deadlines or requirements for motions that are presented to the Court?
>
> A. No, sir. I was -- except I was informed that I had ten days after my preliminary hearing --
>
> Q. And --
>
> A. -- or my initial arraignment or something like that, in order to ask for my change of venue.

---

motion for change of venue did not cite to Rule 32.09, which permits a change of venue out of time where fundamental fairness so requires, and suggests that this omission was another way in which Plea Counsel was ineffective. Movant's amended post-conviction relief motion, however, omits any reference to Rule 32.09. The motion references only Rules 32.03 and 32.04 and specifically claims that "Plea Counsel's failure to *timely* assert Movant's right to a trial by an impartial jury via a motion for change of venue deprived Movant of his constitutional rights to effective assistance of counsel[.]" (Emphasis added.) "Claims not raised in a motion for post-conviction relief are deemed waived and cannot be reviewed on appeal." **Tisius v. State**, 519 S.W.3d 413, 431 (Mo. banc 2017). "Pleading defects cannot be remedied by the presentation of evidence and refinement of a claim on appeal." *Id.* (internal quotation marks omitted).

Q.  When were you told that?

A.  This was right before trial.

Q.  Okay.  And when you were asked Mr. -- whether your attorney did everything that you asked him to do, had there been a motion for change of venue filed?

A.  Yes, then.

Q.  Okay.  Do you know if that was filed within the first ten days after the arraignment?

A.  No, it was filed right before trial.

Q.  Okay.  And about how long did this case drag on for before it was supposed to go to trial?

A.  A year.

Q.  Okay.

This testimony reveals that Movant was aware, prior to the plea and sentencing hearing, that Plea Counsel had ten days following Movant's arraignment to file a motion for a change of venue and failed to file such motion within that timeframe.  Therefore, Movant's subsequent testimony during the Rule 29.07 inquiry—where, among other things, he attested that Plea Counsel had done everything Movant asked of him—can be explained in one of two ways.  Either (1) Movant asked Plea Counsel to file a motion for change of venue out of time, Plea Counsel did so and the motion was denied, and Movant's subsequent attestation regarding Plea Counsel's performance was correct and genuine; or (2) Movant asked Plea Counsel to file a change of venue motion within ten days of the arraignment, Plea Counsel could have but failed to file on time, Movant later became aware that Plea Counsel failed to timely file, and Movant's subsequent attestation regarding Plea Counsel's performance was a lie.  Whichever the case, we cannot say that the motion court clearly erred in concluding that Movant was sufficiently informed to knowingly

and voluntarily enter his plea of guilty.[3]  Point denied.

## Decision

The motion court's denial of his Rule 24.035 amended motion for post-conviction relief is affirmed.

BECKY J. WEST, J. – OPINION AUTHOR

JACK A. L. GOODMAN, J. – CONCURS

MATTHEW P. HAMNER, J. – CONCURS

---

[3] Movant argues on appeal that his attestations to the plea court resulted from being uninformed, not that he was in any way coerced.  Our review of the entire record, however, reveals additional testimony from the evidentiary hearing warranting additional discussion as to whether Movant faced any pressure to lie to the plea court.  On cross-examination at the evidentiary hearing, Movant claimed that his attestations during the Rule 29.07 inquiry regarding Plea Counsel were "to uphold [Plea Counsel's] reputation as a lawyer" and "because [Plea Counsel] said that he would fall on the sword for what went wrong with my case[.]"  Later during the evidentiary hearing, the State asked Plea Counsel, "Did you ever tell [Movant] to lie to the Court?"  Plea Counsel's response was "No."  On this issue, the motion court was free to disbelieve Movant and believe Plea Counsel.  *See **Oliphant v. State***, 525 S.W.3d 572, 578 n.6 (Mo.App. 2017) ("Here, where we are reviewing a motion for post-conviction relief *with* an evidentiary hearing, the motion court is free to believe or disbelieve whatever evidence it chooses.").