

# In the Missouri Court of Appeals
## Western District

IRVING M. PATTERSON,         )
              Appellant,  )
v.                   )        WD81087
                    )
STATE OF MISSOURI,        )        FILED: March 19, 2019
          Respondent.  )

## APPEAL FROM THE CIRCUIT COURT OF DEKALB COUNTY
### THE HONORABLE R. BRENT ELLIOTT, JUDGE

### BEFORE DIVISION THREE: MARK D. PFEIFFER, PRESIDING JUDGE,
### LISA WHITE HARDWICK AND ANTHONY REX GABBERT, JUDGES

Irving Patterson appeals from the judgment denying his Rule 29.15 motion after he was convicted of committing violence against an offender in the Department of Corrections. On appeal, he contends the motion court clearly erred in denying him post-conviction relief because his trial counsel was ineffective for: (1) failing to object to the verdict director on the basis that it did not cross-reference his defense of another instruction; and (2) failing to investigate, interview, and present the testimony of other inmates in the correctional center. Patterson also asserts that the motion court erred in adopting the State's proposed judgment verbatim because it indicates the court did not exercise independent

judgment and thoughtful consideration of the issues he presented.  For reasons explained herein, we affirm.

FACTUAL AND PROCEDURAL HISTORY[1]

Patterson was an inmate at the Crossroads Correctional Center, and Christopher Reese was his cellmate.  On July 3, 2009, a corrections officer saw Patterson and another inmate, Aaron Landers, having a brief discussion near the telephones.  After the discussion, Patterson went upstairs to his cell.  Shortly thereafter, a corrections officer saw that Landers had liquid dripping from his hair and back.  The corrections officer then saw Landers on the ground and Reese beating Landers with his fists.  Patterson ran toward Landers and Reese and began hitting Landers in the head, face, and upper body.  According to two corrections officers, Landers was in a defensive position.  Following the incident, corrections officers searched Patterson and Reese's cell and found a warm bowl that contained a hot, oily residue.

The State charged Patterson as a persistent offender with one count of committing violence against an offender in the Department of Corrections in violation of Section 217.385, RSMo 2000.  During the subsequent jury trial, Patterson argued that he was acting in defense of Reese.  The circuit court gave the jury the defense of others instruction but did not reference that instruction in the verdict director.  Patterson did not object to the instructions.  The jury found

---

[1] Most of the facts are taken from the unpublished memorandum accompanying the *per curiam* order in *State v. Patterson*, 362 S.W.3d 73 (Mo. App. 2011).

2

Patterson guilty, and the court sentenced him to fifteen years in prison, to run consecutively to Patterson's existing sentences. We affirmed his conviction and sentence on direct appeal in a *per curiam* order accompanied by an unpublished memorandum. *State v. Patterson*, 362 S.W.3d 73 (Mo. App. 2011).

Patterson filed a *pro se* Rule 29.15 motion, which was later amended by appointed counsel. The motion court issued findings of fact and conclusions of law denying Patterson's motion without an evidentiary hearing. Patterson then filed a motion to make required findings, in which he alleged that the motion court erred in adopting the State's proposed findings verbatim. The State filed a response, but the motion court did not expressly rule on Patterson's motion; therefore, it was overruled by operation of law 90 days after it was filed. Rule 81.05(a)(2)(A). Patterson appeals.

## STANDARD OF REVIEW

We review the denial of a post-conviction motion for clear error. Rule 29.15(k). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves us with a definite and firm impression that a mistake was made. *Edwards v. State*, 200 S.W.3d 500, 509 (Mo. banc 2006). We presume the motion court's findings and conclusions are correct. *Id*.

To obtain post-conviction relief on an ineffective assistance of counsel claim, the movant must establish, by a preponderance of the evidence, that his counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under the same or similar circumstances and that he was thereby

3

prejudiced. *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To demonstrate prejudice, the movant must show that "'there is a *reasonable probability* that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Deck v. State*, 68 S.W.3d 418, 426 (Mo. banc 2002) (alteration in original) (quoting *Strickland*, 466 U.S. at 694)). Patterson had to prove both the performance and prejudice prongs of this test to prevail, and if he failed to satisfy either prong, we need not consider the other. *Cone v. State*, 316 S.W.3d 412, 415 (Mo. App. 2010).

To be entitled to an evidentiary hearing, (1) the movant must allege facts, not conclusions, warranting relief; (2) the facts alleged must not be refuted by the record; and (3) the matters complained of must have prejudiced the movant. *Barnett v. State*, 103 S.W.3d 765, 769 (Mo. banc 2003); Rule 29.15(h).

**ANALYSIS**

In Point I, Patterson contends the motion court clearly erred in denying his claim that trial counsel was ineffective for failing to object to the verdict director, which he alleges was deficient because it did not cross-reference the defense of another instruction. He argues that he was prejudiced because the verdict director purported to cover the whole case, but it actually ignored his defense, and the jury was not fully instructed on how to evaluate the evidence. Patterson asserts that, if his counsel had objected, the verdict director would have been corrected to include

4

a reference to his defense of another instruction and there is a reasonable probability that the result of his trial would have been different. The motion court denied this claim after finding that the record conclusively refuted Patterson's claim of prejudice.

The record shows that, during opening statements, Patterson's trial counsel told the jury that the only reason Patterson got involved in the altercation between Reese and Landers was because he wanted to protect and defend his cellmate, Reese, whom he believed was in danger from Landers. Patterson testified that he hit Landers only because he thought Landers was going to throw Reese over a railing, and he wanted to help out his cellmate.

The verdict director given to the jury in this case, Instruction No. 5, was modeled after MAI-CR 304.02. It provided:

> If you find and believe from the evidence beyond a reasonable doubt:
>
> First, that on or about July 03, 2009 in the County of DeKalb, State of Missouri, the defendant was an inmate in the custody of the Department of Corrections, and
>
> Second, that the defendant committed violence against Aaron Landers by striking Aaron Landers with his fists, and
>
> Third, that Aaron Landers was an offender housed in a correctional center of the Department of Corrections, and
>
> Fourth, that the defendant acted knowingly with respect to the facts and circumstances submitted in this instruction,
>
> then you will find the defendant guilty of committing violence against an offender in the Department of Corrections.

5

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

At the defense's request, the jury was also given Instruction No. 6, which was the defense of another instruction patterned after MAI-306.08. It stated:

PART A - GENERAL INSTRUCTIONS

One of the issues in this case is whether the use of force by the defendant against Aaron Landers was in defense of another person. In this state, the use of force (including the use of deadly force) to protect another person from harm is lawful in certain situations.

A person can lawfully use force to protect another person against an attack unless, under the circumstances as he reasonably believes them to be, the person he seeks to protect would not be justified in using such force to protect himself. If, under the circumstances as a person reasonably believed them to be, the person he seeks to protect was the initial aggressor and had not withdrawn, then he is not entitled to use force to protect the other person.
In order for a person lawfully to use force in defense of another person, such a defender must reasonably believe the person he is trying to protect is in imminent danger of harm from a third person. The person he is trying to protect need not be in actual danger but the defender must have a reasonable belief that the person is in such danger.

If the person trying to protect another person has such a belief, he is then permitted to use that amount of force which he reasonably believes to be necessary to protect the other person.

As used in this instruction, the term "reasonable belief" means a belief based on reasonable grounds, that is, grounds which could lead a reasonable person in the same situation to the same belief. This depends upon how the facts reasonably appeared. It does not depend upon whether the belief turned out to be true or false.

PART B - SPECIFIC INSTRUCTIONS

On the issue of the defense of another person in this case, you are instructed as follows:

6

If, under the circumstances as the defendant reasonably believed them to be, Christopher Reese was not the initial aggressor in the encounter with Aaron Landers or, if he was, that he had clearly indicated to Aaron Landers his withdrawal from the encounter,

and if the defendant reasonably believed Christopher Reese was in imminent danger of harm from the acts of Aaron Landers and the defendant used only such force as reasonably appeared to be necessary to defend Christopher Reese, then he acted in lawful defense of another person.

The state has the burden of proving beyond a reasonable doubt that the defendant did not act in lawful defense of another person. Unless you find beyond a reasonable doubt that the defendant did not act in lawful defense of another person, you must find the defendant not guilty.

The Notes on Use following MAI-CR 306.08 provide, in relevant, part:

A paragraph making a cross-reference to this instruction will be added to the verdict director as follows:

(Second) (Third) ([*next numbered paragraph*]), that defendant did not act in lawful defense of another person as submitted in Instruction No. ___.

Instruction No. 5, the verdict director, did not include this cross-reference to Instruction No. 6, the defense of another instruction. Patterson's trial counsel did not object.

During the State's initial closing argument, the State reminded the jury of Patterson's defense, stating, "Now the defendant wants you to believe that well, he wasn't really attacking Aaron Landers. He was coming to his roommate's aid." The State then argued why Patterson's actions indicated that he was attacking Landers and not merely coming to Reese's aid. In response, Patterson's trial

7

counsel argued, "The only act that Mr. Patterson committed that day was keeping his celly from getting tossed over a railing.  He was defending his celly."  After explaining the reasons why Patterson was defending his cellmate, Patterson's trial counsel ended his closing argument by stating, "To suggest that Mr. Patterson is doing anything other than trying to save his celly from getting hurt even further, I'm pretty much going to leave it at that because that's where we are."  In rebuttal, the State argued, "The idea that the defendant was coming to the aid of his celly is just ridiculous."  The State spent the remainder of its rebuttal attacking the credibility of Patterson's defense of another claim.

In his direct appeal, Patterson sought plain error review of the court's failure to cross-reference Instruction No. 6 in Instruction No. 5.  In our unpublished memorandum, we explained that, in cases such as *State v. McClure*, 632 S.W.2d 314, 317 (Mo. App. 1982), when the failure to cross-reference a special negative defense like the one set forth in Instruction No. 6 was preserved, appellate courts have found the failure to cross-reference prejudicial, even in the presence of evidence that the jury was not likely misdirected, and have reversed and remanded for a new trial.  When the error was not preserved, however, cases like *State v. Burns*, 292 S.W.3d 501, 508 (Mo. App. 2009) and *State v. Cooksey*, 805 S.W.2d 709, 710-11 (Mo. App. 1991), have required the appellant to establish that "the outcome of the trial would have been different but for the alleged error" in order to be entitled to reversal under plain error review.  To meet this standard of prejudice, the appellant must show that the jury either was unaware of the defense

8

instruction or failed to use the instruction in its deliberations. *See Cooksey*, 805 S.W.2d at 711. Because Patterson failed to make this showing, we held that he failed to demonstrate the level of prejudice necessary for reversal under plain error review.

In this appeal, Patterson argues that his case falls within "the small number of cases" in which the application of the plain error test for prejudice and the application of the *Strickland* test for prejudice "will produce different results." *Deck*, 68 S.W.3d at 428. He asserts that, while trial counsel's failure to object to the verdict director's lack of a cross-reference to his defense of another instruction may not have been outcome-determinative, it nevertheless created a reasonable probability that, but for this error, the result of the proceeding would have been different. *See id*. at 429. Patterson argues that he meets the "reasonable probability" standard because trial counsel's error undermines confidence in the outcome of the proceeding, in that the jury was not fully instructed on how to evaluate the evidence and, therefore, was allowed to ignore the defense of another instruction in its deliberations. *See id*.

On direct appeal, however, we specifically found that the jury was made "well aware" of Patterson's special negative defense during both the State's and the defense's closing arguments and that Patterson had not demonstrated that the jury failed to use the defense of another instruction in its deliberations. Indeed, the record indicates that the defense's closing argument and the State's rebuttal argument were focused entirely on Patterson's claim that he was defending his

9

cellmate. Moreover, even though the verdict director was lacking the mandated cross-reference, the court properly instructed the jury on Patterson's defense of another claim and cautioned the jury, "Unless you find beyond a reasonable doubt that the defendant did not act in lawful defense of another person, you must find the defendant not guilty." We presume that the jury followed the court's instructions. *Wright v. State*, 125 S.W.3d 861, 867 (Mo. App. 2003) (holding, under similar circumstances, that the movant did not establish *Strickland* prejudice from his trial counsel's failure to object to the lack of a cross-reference to the self-defense and defense of another instructions in the verdict directors). The record conclusively refuted Patterson's contentions that the jury was not fully instructed on how to evaluate the evidence and was allowed to ignore the defense of another instruction in its deliberations. Because the record conclusively refuted Patterson's claim of *Strickland* prejudice, the motion court did not clearly err in denying this claim without an evidentiary hearing. Point I is denied.

In Point II, Patterson contends the motion court clearly erred in denying his claim that trial counsel was ineffective for failing to investigate and call witnesses to support his defense. To establish a claim for ineffective assistance of counsel for failure to call a witness, Patterson had to show: "'(1) counsel knew or should have known of the existence of the witness; (2) the witness could be located through reasonable investigation; (3) the witness would testify; and (4) the witness's testimony would have produced a viable defense.'" *McFadden v. State*, 553 S.W.3d 289, 305 (Mo. banc 2018) (citation omitted).

10

In his amended motion, Patterson asserted that trial counsel "failed to interview inmates then housed in Housing Unit 6 at Crossroads Correctional Center and let out on rotation (released from their cells) from 9-9:30 PM on June 3, 2009." He alleged that these inmates would have testified had they been called and would have provided him with the viable defense that he was acting in defense of his cellmate. Patterson stated that he asked trial counsel to identify and interview these inmates but that counsel failed to do so.

The motion court denied this claim without an evidentiary hearing after finding that it was conclusively refuted by the sentencing hearing record. During the Rule 29.07(b)(4) examination in the sentencing hearing, the court asked Patterson specifically what it was that he wanted trial counsel to do that counsel did not do. Patterson replied that he wanted to "holler at [his] witnesses." When asked if he talked to his trial counsel about these witnesses, however, Patterson responded, "No."

Patterson argues this testimony from his sentencing hearing was not sufficiently specific to conclusively refute his assertion that he asked his trial counsel to identify and interview any inmate witnesses to the incident. In support of his argument, he cites *State v. Driver*, 912 S.W.2d 52, 54-56 (Mo. banc 1995). In *Driver*, the movant contended that trial counsel was ineffective for failing to offer evidence of her medical condition, which she asserted would have resulted in her acquittal. *Id*. at 55. The motion court denied her claim without an evidentiary hearing, finding that her claim of ineffectiveness was conclusively refuted by her

11

sentencing hearing testimony that she thought her attorneys had done a good job, had done everything she wanted them to do, and had not done anything she did not want them to do. *Id*. at 54. On appeal, however, our Supreme Court found that "[r]esponses to questions such as whether the trial attorney did everything that the defendant wanted him to do, or, conversely, did not do anything that the defendant did not want him to do, are too broad to refute conclusively an ineffectiveness claim such as the one alleged by [the movant]." *Id*. at 55-56. The Court held that, "[t]o preclude an evidentiary hearing, . . . the Rule 29.07(b)(4) inquiry must be specific enough to elicit responses from which the motion court may determine that the record refutes conclusively the allegation of ineffectiveness asserted in the Rule 29.15 motion." *Id*. at 55.

*Driver* does not help Patterson. Here, unlike in *Driver*, the motion court's question, "Did you talk to [trial counsel] about these witnesses?" was sufficiently specific that Patterson's response of "No" conclusively refuted his contention that he asked trial counsel to identify and interview the potential witnesses and, therefore, that trial counsel knew or should have known of their existence. This, in turn, conclusively refuted Patterson's allegation that trial counsel was ineffective for failing to investigate and call the inmates as witnesses, because "'[i]f counsel has no notice a witness exists, he is not ineffective if he fails to call that witness to testify.'" *Hudson v. State*, 563 S.W.3d 834, 840 (Mo. App. 2018) (citation omitted). The motion court did not clearly err in denying this claim without an evidentiary hearing. Point II is denied.

12

In Point III, Patterson contends the motion court clearly erred in adopting the State's proposed findings of fact and conclusions of law verbatim. He argues that, because the court's judgment and the State's proposed judgment were identical, "even down to the misspellings" and misstatements referencing Rule 24.035 instead of Rule 29.15, the court did not exercise independent judgement and thoughtful consideration of the issues he presented.

Our Supreme Court has long held that "it is proper for the motion court to adopt in whole or in part the findings of fact and conclusions of law drafted by one of the parties so long as the court thoughtfully and carefully considers the party's proposed findings and agrees with the content." *State v. Phillips*, 940 S.W.2d 512, 521 (Mo. banc 1997). The Court has recognized that "[t]his has become a common practice in Missouri courtrooms and raises no constitutional problems so long as the court, after independent reflection, concurs with the contents of the proposed findings and conclusions" and the proposed findings and conclusions are supported by the evidence. *Skillicorn v. State*, 22 S.W.3d 678, 690 (Mo. banc 2000). Indeed, even where the motion court erroneously adopted a misstatement concerning the holding on direct appeal, the Supreme Court ruled that the movant was not prejudiced because "[a]s a whole, the findings of fact and conclusions of law are accurate, both legally and factually." *Id*. at 691.

In this case, during the hearing on Patterson's motion for trial setting, the motion court told the parties that it planned to rule on Patterson's amended Rule 29.15 motion without an evidentiary hearing. The court took the matter under

13

advisement and requested that both parties submit proposed findings of fact and conclusions of law within 45 days. After both the State and Patterson submitted proposed findings of fact and conclusions of law, the court adopted the State's proposed findings of fact and conclusions of law as its judgment.

Patterson contends that the motion court's failure to correct spelling or typographical errors, a misstatement that this action was a Rule 24.035 proceeding, and two erroneous references to Rule 24.035(h) instead of Rule 29.15(h) show that the motion court did not thoughtfully and carefully consider the parties' proposed findings and conclusions before adopting the State's. We disagree.

The errors noted by Patterson do not affect the accuracy of the court's analysis of the issues in any way. The misspellings or typographical errors are minor and non-substantive. Rule 24.035(h), which provides that an evidentiary hearing is not required where the record conclusively shows that the movant is not entitled to relief, is identical to Rule 29.15(h), so the erroneous references to Rule 24.035(h) are harmless. The court's findings and conclusions indicate that, despite the erroneous references to Rule 24.035, the court was fully aware that it was ruling on a Rule 29.15 motion and not a Rule 24.035 motion. As in *Skillicorn*, we find that, "[a]s a whole, the findings of fact and conclusions of law are accurate, both legally and factually," and "[i]n no way do they violate any constitutional due process rights guaranteed to [Patterson]." 22 S.W.3d at 691. Point III is denied.

14

## CONCLUSION

The judgment is affirmed.

_____
LISA WHITE HARDWICK, JUDGE

ALL CONCUR.

15