

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| CHRISTOPHER SCROGGINS, | ) | |
| | ) | |
| Appellant, | ) | WD82439 |
| | ) | |
| v. | ) | OPINION FILED: |
| | ) | February 25, 2020 |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Lafayette County, Missouri**
The Honorable Dennis A. Rolf, Judge

Before Division Two:  Cynthia L. Martin, Presiding Judge, Thomas H. Newton, Judge
and Gary D. Witt, Judge

Christopher Scroggins ("Scroggins") appeals from a judgment denying his Rule

24.035[1] motion for post-conviction relief without an evidentiary hearing.  Scroggins argues

that it was error to deny his motion without an evidentiary hearing because the record did

not conclusively refute his claim that trial counsel was ineffective by failing to argue for a

more lenient sentence because of "adolescent development issues affecting youthful

---

[1]All rule references are to *Missouri Court Rules, Volume I—State, 2017* as applicable at the time that
Scroggins filed his Rule 24.035 motion, unless otherwise indicated.

offenders." Because the record conclusively refutes Scroggins' claim of ineffective assistance of counsel, we affirm.

## Factual and Procedural Background

On August 29, 2016, Scroggins pleaded guilty to a class B felony of burglary in the first degree ("Count I"); a class B misdemeanor of property damage in the second degree ("Count II"); a class C felony of burglary in the second degree ("Count III"); two counts of class A misdemeanor stealing ("Counts IV and V"); and a class D felony of resisting or interfering with a felony arrest ("Counts VI"). At the time of the crimes, Scroggins was just over 17 years of age.

At Scroggins' October 17, 2016 sentencing hearing, the sentencing court indicated that it had reviewed the Sentencing Assessment Report ("SAR"). Trial counsel argued that Scroggins deserved leniency based on circumstances relating to his home life, as both of his parents had undergone periods of incarceration. Trial counsel also argued that Scroggins deserved leniency because of his young age. Scroggins was still 17 years of age at the time of the sentencing hearing. Trial counsel implored the court to order a 120-day shock incarceration period, and for release on probation thereafter should Scroggins successfully complete shock incarceration.

The court imposed sentences of ten years on Count I; ninety days on Count II; five years on Count III; ninety days on Counts IV and V; and four years on Counts VI. The court ordered the sentences imposed on Counts I and II to run concurrently, and ordered the sentences imposed on Counts III through VI to run concurrently with one another, but consecutively to the concurrent sentences imposed on Counts I and II. As a result,

2

Scroggins was sentenced to a total of fifteen years' imprisonment. The sentencing court retained jurisdiction over Scroggins' case pursuant to section 559.115[2] and ordered Scroggins placed in the Shock Incarceration Program ("SIP") for 120 days. Scroggins was advised that if he successfully completed the SIP, the court would release him on probation.

Following completion of the SIP, the sentencing court scheduled a hearing on February 10, 2017 to address whether Scroggins should be released on probation. The State objected to release of Scroggins on probation, and noted two reports prepared by the Missouri Department of Corrections, Board of Probation and Parole which detailed Scroggins' poor behavior during the SIP.

During this hearing, trial counsel again argued that Scroggins was deserving of leniency and suggested another period of shock incarceration. Trial counsel reiterated that Scroggins was "a very young man." Trial counsel argued that if the court were to refuse to release Scroggins on probation, or to authorize another period of shock incarceration, Scroggins "will be cast in the mold that he has found himself in at this point." The sentencing court refused to release Scroggins on probation and executed the previously imposed sentences.

Scroggins filed a timely *pro se* motion for post-conviction relief pursuant to Rule 24.035. Post-conviction counsel was appointed. A timely amended motion ("Amended Motion") was filed. The motion court entered a judgment ("Judgment"), which included

---

[2]All statutory references are to RSMo 2016, unless otherwise noted.

findings of fact and conclusions of law, and denied the Amended Motion without an evidentiary hearing. This timely appeal followed.

## Standard of Review

Appellate review of the denial of a post-conviction motion is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k). Findings and conclusions are clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Roberts v. State*, 276 S.W.3d 833, 835 (Mo. banc 2009). "We presume that the motion court's findings are correct; thus, the appellant bears the burden of demonstrating clear error." *Thompson v. State*, 449 S.W.3d 53, 57 (Mo. App. W.D. 2014).

## Analysis

Scroggins raises one point on appeal. Scroggins asserts that the motion court clearly erred by denying his Amended Motion without an evidentiary hearing because the record did not conclusively refute his claim that trial counsel was ineffective by failing to specifically argue for lenient sentencing because of adolescent development issues. "To be entitled to an evidentiary hearing [on a post-conviction motion], (1) the movant must allege facts, not conclusions, warranting relief; (2) the facts alleged must not be refuted by the record; and (3) the matters complained of must have prejudiced the movant." *Patterson v. State*, 576 S.W.3d 240, 243 (Mo. App. W.D. 2019); *see also* Rule 24.035(h). The motion court found that the record refuted Scroggins' claim, and denied the claim without an evidentiary hearing. This was not clearly erroneous.

4

In his Amended Motion, Scroggins argued that his trial counsel provided ineffective assistance when he failed to argue "at sentencing how [Scroggins'] age at the time of the offenses [affected Scroggins decision making]," and failed to argue "the issue of an adolescent's development, culpability, criminal responsibility, and ability to extricate themselves from a pressured environment, [which] all should be considered when sentencing an offender less than 18 years of age."[3]  This claim is refuted by the record. Trial counsel did, in fact, argue at sentencing that Scroggins was deserving of leniency based on his age.  During the sentencing hearing, trial counsel argued:

> Scroggins is a very young man, and we're not excusing his actions.  But to punish him to the fullest extent of the law and not give him an opportunity to make amends with society and the victims, may place him in such a position that he can never recover. [] Scroggins has not made the best choices in many aspects of his life.  He has not been -- he hasn't responded to the positive things in his life that he could have responded to.  But that doesn't mean he doesn't have the opportunity to change.  An extended sentence of incarceration, while restores some sense of security for the victims for the time he is incarcerated, is going to expose [] Scroggins to the kinds of things of our society that we don't want our youth exposed to.  I fear that he is going -- while he is in custody in the D.O.C., he will resort to survival, and instead of obtaining skills that can help him lead a productive life once he is out, he will obtain the skills and fall further down this path.

Following trial counsel's arguments, the court imposed sentences, but retained jurisdiction over the matter to order shock time with the opportunity for probation.  The sentencing court advised Scroggins that if he behaved well during the SIP, terms of probation would

---

[3]In his Amended Motion, Scroggins did not argue that his guilty plea convictions were rendered involuntary by trial counsel's alleged ineffectiveness.  In other words, Scroggins has not claimed that but for trial counsel's ineffectiveness, he would not have pleaded guilty.  Scroggins' claim of ineffective assistance of counsel is limited to challenging the sentences imposed.

5

be imposed. The record conclusively refutes the argument that trial counsel failed to adequately argue for leniency due to Scroggins' age during the sentencing hearing.

Trial counsel continued his pleas for leniency based on Scroggins' age after Scroggins completed the SIP. Aware of the reports provided to the sentencing court about Scroggins' poor behavior during the SIP, trial counsel argued:

> [Scroggins] has consistently demonstrated that he is immature. And that is not an excuse. Once again, though, I am in a position that -- he is a very young man. . .[I]f there are any other avenues where we can attempt to get through to him and rehabilitate him, I think it's better for society in the long run and better for him.

The sentencing court was not persuaded and refused to place Scroggins' on probation.

Scroggins contends that trial counsel's arguments relating to Scroggins' age should have been more specific with respect to adolescent developmental issues, and that had they been, the sentencing outcome would have been different. Scroggins alleges that the facts set forth in the Amended Motion were sufficient to require an evidentiary hearing to resolve this claim. We disagree.

To establish ineffective assistance of counsel effecting sentencing, Scroggins was required to alleged facts that, if proven, would show that (1) trial counsel's performance failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney; and (2) that Scroggins was prejudiced by that failure. *See Cherco v. State*, 309 S.W.3d 819, 825 (Mo. App. W.D. 2010); *Bolder v. State*, 712 S.W.2d 692, 695 (Mo. App. W.D. 1986) (discussing the necessity of prejudicial results when counsel allegedly fails to effectively argue age as a mitigating circumstance during sentencing); *see also Strickland*

6

*v. Washington*, 466 U.S. 668, 687 (1984).[4] To establish prejudice, Scroggins was required to allege that there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Cherco*, 309 S.W.3d at 829.

Though Scroggins alleges that a more specific adolescent development argument should have been made, the motion court was able to conclude, based on the record, that trial counsel's age arguments conformed to the degree of skill, care, and diligence of a reasonably competent attorney. Scroggins relies on *Roper v. Simmons*, 543 U.S. 551 (2005), *Miller v. Alabama*, 567 U.S. 460 (2012), *J.D.B. v. North Carolina*, 564 U.S. 261 (2011) for the general principle that "age is a mitigating factor when the defendant is younger than 18-years-old." [Appellant's Br., p. 18]. While these cases do offer general instruction on the considerations of age in specific criminal contexts, none hold, as suggested by Scroggins, that effective assistance of counsel requires particularized evidence or argument about a defendant's age as a mitigating circumstance during sentencing.

In *Roper v. Simmons*, 543 U.S. 551 (2005), the Supreme Court held that it was unconstitutional to impose the death penalty on offenders who were under 18-years old when their crimes were committed. *Roper,* 543 U.S. at 568. Roper noted three differences

---

[4]The motion court found that Scroggins' claim of ineffective assistance of counsel during sentencing was "not cognizable in a Rule 24.035 proceeding." As the State concedes, this finding was erroneous. *See Cherco v. State*, 309 S.W.3d 819, 825 (Mo. App. W.D. 2010) ("A claim of ineffective assistance of counsel at sentencing following a guilty plea is a 'cognizable' claim under Rule 24.035."). Though the motion court erroneously concluded that Scroggins' claim was not cognizable, it nonetheless went on to address the merits of Scroggins' claim. We are free, therefore, to ignore the motion court's erroneous legal holding and to instead review the motion court's findings of fact and conclusions of law resolving Scroggins' claim on the merits.

7

between juvenile offenders and adult offenders, including that juvenile offenders (1) lack maturity and possess an "underdeveloped sense of responsibility" that inclines them toward "ill-considered actions;" (2) are more susceptible to negative influences and peer pressure; and (3) possess a transitory sense of character and personality. *Roper*, 543 U.S. at 569-70. These considerations were echoed by the Supreme Court in *J.D.B. v. North Carolina*, 564 U.S. 261, 277 (2011) (holding that if a child's age is known by an officer, or objectively apparent to a reasonable officer, at the time of police questioning then the child's age must be considered for purposes of the custodial interrogation analysis under *Miranda v. Arizona*, 384 U.S. 436 (1966)), and in *Miller v. Alabama*, 567 U.S. 460, 471 (2012) (holding that "because juveniles have diminished culpability and greater prospects for reform . . . they are less deserving of the most severe punishments," including the imposition of mandatory life-without-parole sentences on juvenile offenders). However, the United States Supreme Court's general guidance that "a sentence[ing] court ha[s] the ability to consider the 'mitigating qualities of youth,'" *Miller*, 567 U.S. at 476, is not a mandate requiring defense counsel to raise age as a mitigating factor with evidence or argument that mirrors the rationales described in *Roper*, *J.D.B.*, or *Miller*.

Even were we to hold (which we do not) that Scroggins could have established that trial counsel's performance was deficient had he been afforded an evidentiary hearing, the record plainly refutes Scroggins' claim that he was prejudiced by trial counsel's general arguments about age because harsher sentences were imposed than would have been. *See Cherco*, 309 S.W.3d at 829 (*Strickland* prejudice requires a demonstration that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

8

proceeding would have been different").  The record establishes that the sentencing court considered Scroggins' age, including Scroggins' mental development, at the time of the commission of the crimes.  The SAR detailed Scroggins' age and educational background, including that Scroggins was a current student with noted attendance issues, and grew up in a home where Scroggins' parents were absent at various times due to incarceration. During the October hearing the sentencing court discussed the SAR with Scroggins in an effort to explain the decision to give Scroggins a chance for probation assuming good behavior during the SIP:

> Court: You've seen the life your mom and dad have gone through?
>
> Scroggins:  Yes, sir
>
> Court: I'm going to give you a little taste of it yourself.  Then you make the decision which way you want to go.  You've got 15 years hanging over your head down there.
>
> Scroggins: Yes, sir.
>
> Court:  And I will not be afraid to revoke you.  If you do well, you will come back, and I will give you conditions of probation.  And one of them is going to be high school and it is going to be no drugs, no alcohol.
>
> Scroggins: Yes, sir.

Scroggins did not take advantage of this opportunity, which was secured for him by trial counsel's successful argument for leniency during the October sentencing hearing.  The sentencing court received two reports which detailed Scroggins' poor behavior during the SIP, one of which noted that Scroggins "is after all a child who is still developing mentally but making adult mistakes and needs to face the consequences of those choices."  In light

9

of these reports, the sentencing court rejected trial counsel's plea for additional leniency, and noted:

> Court: [O]bviously if I wanted to lock him up I would have done it at the time of the original sentencing. But I wanted to give him a chance. And even when I got what I considered to be a horrible initial report, which basically just shows a horrible attitude, even then I didn't just throw away the key. I asked for a supplemental report hoping that -- you know, knowing that he was in trouble, he would maybe get it. But he just doesn't seem to care. And I've got nothing to show me that he wants to even try. It's just -- as far as showing as bad attitude, his reports are in the top five for bad attitudes. . . *I truly don't want to give up on a 17-year-old*, but he has got to show me some desire to want to comply and conform. And I'm certainly not seeing it.

We conclude that there are no facts set forth in the Amended Motion that, if proven, would establish that Scroggins was prejudiced by trial counsel's alleged failure to more specifically argue age as a mitigating factor in sentencing. This conclusion is bolstered by the fact that the motion court and the sentencing court were one in the same. *Cherco*, 309 S.W.3d at 831 (holding that given the indeterminate nature of sentencing, prejudice based on a claim that ineffective assistance of counsel impacted sentencing is nearly impossible to establish, particularly where the sentencing court and motion court are one in the same).

The motion court's denial of Scroggins' Amended Motion without an evidentiary hearing was not clearly erroneous.

Point One is denied.

## Conclusion

The motion court's Judgment is affirmed.

_____
Cynthia L. Martin, Judge

All concur

10