

# In the Missouri Court of Appeals
## Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| ROBERT LEWIS III, | ) | No. ED112200 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | Honorable Jason D. Dodson |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed: July 23, 2024 |

### Introduction

Robert Lewis III ("Movant") appeals the motion court's judgment overruling his amended Rule 24.035 postconviction relief motion without an evidentiary hearing following his guilty plea and sentence of concurrent four-year terms of imprisonment for two counts of second-degree domestic assault and one count of third-degree domestic assault.[1] Movant argues the motion court clearly erred in overruling his motion without an evidentiary hearing because the record did not conclusively refute his claim plea counsel was ineffective for failing to investigate a material witness ("Witness") and alleged the questions posed during the plea and sentencing hearing regarding plea counsel's effectiveness were ambiguous and unspecific. Because Movant's claim is refuted by the record and he failed to plead facts that, if true, would entitle him to relief, the motion court's judgment denying relief without an evidentiary hearing was not clearly erroneous.

---

[1] All Rule citations are to the Missouri Supreme Court Rules (2021) unless otherwise indicated.

This Court affirms.

**Factual and Procedural Background**

According to an investigative report from the St. Louis County Police Department, three emergency services calls were made during a domestic incident in January 2020: at approximately 5:26 p.m., Movant's neighbor called on behalf of Movant's romantic partner ("Victim"), who appeared at the neighbor's door with apparent injuries; at approximately 5:35 p.m., Movant called requesting Victim be removed from the residence; and at approximately 5:46 p.m., Movant again called after arriving at his place of employment to confirm authorities removed Victim from the residence. After an investigation, the State charged Movant with first-degree rape, first-degree sodomy, two counts of second-degree domestic assault, one count of third-degree domestic assault, two counts of armed criminal action, and one count of unlawful use of a weapon.

On December 28, 2020, the circuit court held a hearing for the guilty plea in this case and a probation revocation matter about a 2018 unlawful possession charge.[2] Movant agreed to plead guilty to two counts of second-degree domestic assault and one count of third-degree domestic assault. In exchange for the plea, the State filed a *nolle prosequi* as to the remaining charges and recommended four-year sentences for each charge to be served concurrently with his probation revocation sentence. When addressing the guilty plea, Movant admitted he and Victim were in a romantic relationship and lived together. He admitted he became angry and began to assault her. Movant admitted he slapped Victim, kicked her, threw her down the stairs, held a revolver to her head, threatened to kill her, and then hit her in the back of the head with a dumbbell. Finally, Movant admitted he kicked Victim several more times and punched her in the face.

---

[2] In 2019, Movant pled guilty to the class D felony of unlawful possession of a firearm. The circuit court suspended the execution of a four-year sentence and sentenced Movant to three years' supervised probation with special conditions. Movant's probation was revoked concurrently with this guilty plea.

The circuit court accepted Movant's plea and sentenced him to serve concurrent terms of four years for the three domestic assault charges to which he pled guilty. The circuit court also revoked Movant's probation for the 2018 charge and imposed its four-year sentence to be served concurrently with the domestic assault charges. The circuit court advised Movant of his postconviction rights under Rule 24.035. The circuit court found no probable cause to believe Movant received ineffective assistance of counsel.

Movant timely filed his *pro se* Rule 24.035 motion on March 5, 2021. The motion court appointed counsel to represent Movant in June 2022.[3] On May 5, 2023, appointed counsel timely filed an amended motion alleging ineffective assistance of counsel for failure to investigate Witness.

Movant's amended motion alleges he delivered to plea counsel a contact list of potential witnesses, including Witness. He alleges Witness was present for approximately three to five minutes at the scene of the incident, could corroborate Movant's version of events, and was willing to testify. Movant also asserts if plea counsel interviewed Witness and called him to corroborate Movant's testimony, Movant would have rejected the plea offer. Movant requested an evidentiary hearing to prove his claims.

In its amended judgment, the motion court found plea counsel not ineffective for failing to investigate Witness.[4] The motion court also found Movant was not entitled to an evidentiary hearing because the guilty plea hearing transcript conclusively refuted his claim. The motion court relied on specific questions posed to Movant during his plea hearing regarding the effectiveness

---

[3] The delay in appointing counsel was due to an error by the circuit clerk resulting in the case not being transferred to the court reporter and prosecuting attorney's office until April 28, 2022. *See* Rule 24.035(c), (e) (requiring the circuit court clerk to "immediately deliver a copy of the motion to the prosecutor," after which the court will appoint counsel within thirty days.)

[4] The motion court's first judgment did not contain any findings of fact or conclusions of law as required by Rule 24.035(j). The motion court subsequently amended its judgment to include the required findings of fact and conclusions of law.

3

of his counsel—including the investigation of witnesses—to which Movant affirmed plea counsel provided satisfactory legal services. The motion court concluded Movant's guilty plea was voluntary, knowing, and intelligent, and it overruled the motion.

This appeal follows.

## Standard of Review

The standard of review for the denial of post-conviction relief requires this Court to determine whether the motion court's findings and conclusions are "clearly erroneous." Rule 24.035(k). The motion court's findings are clearly erroneous when a complete review of the record leaves the court with a "definite and firm impression that a mistake has been made." *Johnson v. State*, 580 S.W.3d 895, 900 (Mo. banc 2019). This Court "presume[s] the motion court's findings and conclusions are correct." *Waldorf v. State*, 673 S.W.3d 511, 514 (Mo. App. E.D. 2023) (quoting *Phillips v. State*, 635 S.W.3d 870, 873 (Mo. App. E.D. 2021)). "After a guilty plea, [this Court's] review is limited to a determination of whether the movant's plea was knowing and voluntary." *Arnold v. State*, 509 S.W.3d 108, 113 (Mo. App. E.D. 2016). A movant seeking post-conviction relief bears the burden to prove his or her claims by a preponderance of the evidence. Rule 24.035(i).

## Discussion

### Point I: Ineffective Assistance of Counsel

### Party Positions

Movant claims in his sole point on appeal the motion court clearly erred in overruling his post-conviction relief motion without an evidentiary hearing because plea counsel was ineffective for failing to investigate Witness, who he claims was able and willing to provide a corroborative account and viable defense. Movant further argues his claim is not refuted by the record because

4

the questions posed during the Rule 29.07(b)(4) colloquy were ambiguous and unspecific. Because the sentencing hearing included the probation revocation for a second case, it was unclear to which witnesses and to which case his answers applied. Movant argues he is entitled to an evidentiary hearing because he would have denied the assaults took place, and plea counsel would have admitted accepting a guilty plea with the proposed testimony would have been unreasonable.

The State contends Movant's claim for ineffective assistance of counsel for failure to investigate a material witness is refuted by the record because the motion court asked Movant if plea counsel adequately investigated all witnesses, to which Movant responded affirmatively. The State contends this, along with the court's finding there was no probable cause to believe Movant received ineffective assistance of counsel, conclusively refutes Movant's claim. The State also argues failing to call Witness was not ineffective assistance of counsel because his testimony would not have unqualifiedly supported Movant.

*Analysis*

A claim for ineffective assistance of counsel requires the postconviction movant to allege facts showing "(1) counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances, and (2) counsel's deficient performance prejudiced him." *Worthington v. State*, 166 S.W.3d 566, 573 (Mo. banc 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). Such a claim following a guilty plea "is immaterial except to the extent that it impinges the voluntariness and knowledge with which the plea was made." *Johnson*, 580 S.W.3d at 900.

1. Ineffectiveness

To assert his claim for ineffective assistance of counsel for failure to investigate a witness, Movant must allege facts, not conclusions, indicating: "1) Trial counsel knew or should have

known of the existence of the witness; 2) the witness could be located through reasonable investigation; 3) the witness would testify; and 4) the witness's testimony would have produced a viable defense." *Watkins v. State*, 684 S.W.3d 141, 146 (Mo. App. E.D. 2023) (quoting *Worthington*, 166 S.W.3d at 577). "When the testimony of the witness would negate an element of the crime for which a movant was convicted, the testimony provides the movant with a viable defense." *Hays v. State*, 360 S.W.3d 304, 310 (Mo. App. W.D. 2012). "[C]ounsel's decision not to call a witness is presumptively a matter of trial strategy" and Movant must "clearly establish otherwise." *Worthington*, 166 S.W.3d at 577. "Failure to call a witness only constitutes ineffective assistance of counsel if the witness's testimony 'unqualifiedly support[s] Movant.'" *Martin v. State*, 655 S.W.3d 195, 200 (Mo. App. W.D. 2022) (quoting *Phillips v. State*, 214 S.W.3d 361, 366 (Mo. App. S.D. 2007)).

Movant argues the contact list he provided made Witness known to and able to be located by counsel.[5] Movant also alleges Witness would have been willing to testify and corroborate Movant's account of the events in contradiction to Victim's account. Movant contends Witness would have testified: he stayed at the residence for three to five minutes; Victim was cursing and being aggressive towards Movant; Witness never saw anyone strike the other; he left and told Movant to do the same; he saw Movant get into his vehicle; and he was never contacted by plea counsel. This corroboration, according to Movant, would have provided a viable defense. Movant also argues the record, including the guilty plea and sentencing hearing transcript, does not conclusively refute this claim because the Rule 29.07(b)(4) evaluation of plea counsel's effectiveness was "ambiguous and unspecific." Movant argues, because the plea hearing in this

---

[5] The contact list included Witness's full name, phone number, social security number, date of birth, and address.

case included disposition of his 2018 probation revocation case, the circuit court's line of questioning was unclear as to which case it applied.

Witness's proposed testimony provides neither a viable defense nor "unqualified support" for Movant's claim. Movant alleges Witness was present for approximately three to five minutes on the day of the incident. Witness's proposed general testimony of the nonoccurrence of an assault during this brief period does not refute specific evidence of multiple assaults. The 911 phone calls indicate the incident lasted at least twenty minutes. Ten minutes passed between the neighbor's initial call and Movant's call before he left the house, by which time Witness had already left the premises by Movant's account. The alleged nonoccurrence of an assault in the brief time Witness was present does not support the defense that no assault occurred before Witness arrived or after he left. Hence, Movant cannot demonstrate Witness would provide him a viable defense to his offenses.

Instead, Movant focuses on the witness contact list and whether plea counsel knew of Witness. Movant only provides conclusory statements as to the nature of the testimony and its support for his claims. *See Morrow v. State*, 21 S.W.3d 819, 824 (Mo. banc 2000) (citing *State v. Jones*, 979 S.W.2d 171, 186–187 (Mo. banc 1998)) ("Where the pleadings consist only of bare assertions and conclusions, a motion court cannot meaningfully apply the *Strickland* standard for ineffective assistance of counsel"). "[A]pplying a heavy measure of deference to counsel's judgments," plea counsel's advice to avoid trial and accept a favorable plea deal given the weakness of Witness's proposed testimony was a reasonable strategy. *Strickland*, 466 U.S. at 691.

Movant's claim is also refuted by the record. Movant argues the Rule 29.07(b)(4) inquiry was ambiguous and unspecific because the hearing involved both the guilty plea in this case and the probation revocation in his 2018 case. Movant argues it was unclear to which case the motion

7

court was referring, and he claims the questions were too broad to refute his claim. "[T]he Rule 24.07(b)(4) inquiry must be specific enough to elicit responses from which the motion court may determine that the record refutes conclusively the allegation of ineffectiveness . . . ." *State v. Driver*, 912 S.W.2d 52, 55 (Mo. banc 1995). Broad questions such as "whether the trial attorney did everything that the defendant wanted him to do, or conversely, did not do anything that the defendant did not want him to do" will not conclusively refute such a claim. *Id*. at 55–56.

The guilty plea transcript reflects:

[COURT]: Did [plea counsel] do everything that you asked him to do in this case?

[MOVANT]: Yes.

Q: Is there anything that you asked him to do, but he refused to do in this 2020 case?

A: No.

Q: Are you satisfied with his representation of you in this case?

A: Yes.

. . . .

Q: Sir, are you fully and completely satisfied with the legal services that you have received from [plea counsel] in this case, in these cases?

A: Yes.

Q: Okay. Sir, let's be clear. When I ask you about these questions, I'm talking about your probation revocation case and then your 2020 pending case. Okay?

A: Okay. Yes.

. . . .

Q: Okay. And you are satisfied with his representation of you in both cases; is that correct?

A: Correct.

Q: In your 2020 case, did [plea counsel] go over the charges with you?

A: Yes.

Q: And in the probation revocation case, did he go over what the alleged violations were?

A: Yes.

Q: Did he investigate both cases fully?

A: Yes.

Q: Did he discuss with you any and all possible defenses you may have to the charges and to the allegations in the probation revocation case?

A: Yes.

Q: *Did you let [plea counsel] know of any witnesses who might be available to assist with your defense?*

A: *Yes.*

Q: *Did he interview those witnesses to your satisfaction?*

A: *Yes.*

. . . .

Q: Do you have any complaint whatsoever about his services that you would like to make against him? Sir, if so, now is the time to make that complaint.

A: No.

Emphasis added.

This excerpt indicates the care with which the circuit court navigated the line of questioning which clarified to Movant whether the court was referring to this case, the probation revocation case, or both cases. The circuit court's specific questions regarding plea counsel's investigation of witnesses and Movant's satisfaction are sufficiently specific to conclusively refute Movant's claim. *See Patterson v. State*, 576 S.W.3d 240, 247 (Mo. App. W.D. 2019) (concluding "motion court's question, 'Did you talk to [trial counsel] about these witnesses?' was sufficiently specific that [movant's] response of 'No' conclusively refuted" a claim counsel failed to investigate witnesses). If Movant had any complaint regarding plea counsel's failure to investigate Witness, he had ample opportunity to voice that complaint at this hearing. Movant stated he was satisfied with plea counsel's service at this hearing, thus the record refutes his claim. *Id*.

A motion court may deny an evidentiary hearing if the record conclusively shows the movant is not entitled to relief. *Flores v. State*, 186 S.W.3d 398, 399 (Mo. App. E.D. 2006). To obtain an evidentiary hearing, Movant's motion must satisfy these requirements: "(1) the motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters of which movant complains must

9

have resulted in prejudice." *Morrow*, 21 S.W.3d at 822–23. The analysis above demonstrates Movant's claim is refuted by the record. The motion court did not err in denying Movant's claim without an evidentiary hearing.

## 2. Prejudice

The second prong of the *Strickland* test for ineffective assistance of counsel requires evidence counsel's conduct was prejudicial, meaning "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Strickland*, 466 U.S. at 687. Whether evidence, including witness testimony, would have affected counsel's plea recommendation depends on whether that evidence "likely would have changed the outcome of a trial." *Waldorf*, 673 S.W.3d at 518 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)) (citing *Strickland*, 466 U.S. at 696). The question in considering ineffective assistance of counsel after a guilty plea is whether Movant pled guilty "knowingly and voluntarily." *Cooper v. State*, 356 S.W.3d 148, 153 (Mo. banc 2011).

Although Movant does not make an argument regarding prejudice as an explicitly required element of ineffective assistance of counsel, Movant claims failing to investigate Witness caused him to "plead guilty against his will." Movant implicitly claims, instead of accepting a plea deal and serving a reduced sentence, Movant would rather have undergone the burden of going to trial to contest five additional charges with an increased risk of receiving a more severe sentence. Had plea counsel investigated Witness, Movant claims he would have insisted on going to trial.

Movant faced eight charges and, if found guilty of any of the five charges dismissed under the plea agreement, he could have faced a significantly more severe sentence.[6] The plea deal also

---

[6] The charge for unlawful use of a weapon may have also warranted only a four-year concurrent sentence, but the other charges would have almost guaranteed an increased sentence. Section 566.030 authorizes between five years to a life sentence for first-degree rape. Section 566.060 authorizes the same for first-degree sodomy. Section 571.015 authorizes between three and fifteen years for armed criminal action, with a minimum of five years where the weapon

included disposition of Movant's 2018 probation revocation case, which allowed him to serve the four-year suspended executed sentence concurrently with the charges of this case. The motion court did not clearly err in finding Movant knowingly and voluntarily accepted this plea deal for the benefit of a significantly reduced sentence and would have accepted the deal even with Witness's cooperation. *Rueger v. State*, 498 S.W.3d 538, 544 (Mo. App. E.D. 2016) (discrediting the movant's claim he would have rejected a plea deal if he had the benefit of an additional defense when the deal reduced his sentence from sixty-seven years to twelve).

Despite Movant's claim he would have pled differently had plea counsel investigated Witness, the testimony of one witness regarding a brief period would not affect the trial's outcome. Plea counsel knew of the potential for severe sentencing for the crimes of which Movant was charged, and advised him to plead guilty. Movant took plea counsel's suggestion under advisement and knowingly and voluntarily surrendered his right to a jury trial in exchange for a reduced sentence. There is no evidence in the record Movant would have rejected the plea deal under these circumstances.

Point I is denied.

**Conclusion**

Finding no clear error, this Court affirms.

_____
Philip M. Hess

Robert M. Clayton III, P.J. and
Cristian M. Stevens, J. concur.

---

is possessed illegally, all of which is to be served consecutively with the underlying sentences. All statutory references are to RSMo (2016).

11